. THOMAS F. MANGHUE *vs.* JOHN R. REANEY.

First Judicial District, Hartford, October Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.·

Under § 5561 of the General Statutes, an appeal lies from a judgment
 of a justice of the peace for the plaintiff, duly rendered upon the
 issues of the case after demurrer overruled and the refusal of the
 defendant to plead over.

An officer's return reciting that he had attached certain described prop-
 erty as the property of the defendant in that action, is prima facie
 .   evidence of the defendant's ownership of that property in an action
 by the original plaintiff against the officer for the latter's neglect
 or failure to levy an execution upon such property after judgment
 - against the defendant in the prior action; and if not controverted
 by evidence upon the part of the officer, becomes conclusive.
 Under such circumstances, a judgment of nonsuit, upon the ground
 that there was no evidence of ownership of the attached property,
 is erroneous.

A court has power, after granting a nonsuit, to reopen the case and
 allow the introduction of additional evidence.

.   ·     Argued October 2d—decided November 7th, 1923.     ·

ACTION against a constable for his alleged failure or
neglect to levy an execution upon personal property
attached by him in the original action, brought before a
justice of the peace in the town of New Hartford and
thence, by the defendant's appeal, to the Court of
Common Pleas in Litchfield County where the plaintiff
was nonsuited in a trial to the court, *Woodruff, J.*, and
from its refusal to set aside such judgment the plaintiff
appealed. *Error, judgment set aside and new trial
ordered.*

*Samuel A. Herman* and *Frederick A. Jewell,* for the
appellant (plaintiff).

*Frank B. Munn,* for the appellee (defendant).

WHEELER, C. J.   This action seeks to recover damages for the default of an officer in the service of mesne process.  The action was brought before a justice of the peace who overruled a demurrer to the complaint, which alleged that the officer attached certain described property as the property of the defendant and took it into his possession, and thereafter returned the writ of execution in the action with his endorsement, that he by diligent search was unable to get property to satisfy the writ, and that this endorsement was untrue.  The case was continued to a later date when the parties appeared and the defendant neglected and refused to plead over, whereupon the court rendered judgment for the plaintiff and the defendant appealed to the Court of Common Pleas.  In that court the plaintiff filed a motion to erase, which was denied. Subsequently he filed a demurrer which was overruled. Thereafter the plaintiff produced his evidence and, on motion of the defendant, the court rendered a judgment of nonsuit, and from the denial of his motion to set aside the judgment of nonsuit the plaintiff has taken his appeal to this court.

The motion to erase was properly denied.  The judgment before the justice was duly rendered upon the issues of the case, after the defendant had refused to plead over.  It was not a judgment by default.  General Statutes, § 5561, expressly allowed an appeal from this judgment.  So long as the statute concerning appeals remains unchanged, such an appeal is authorized by *Denton* v. *Danbury,* 48 Conn. 368, 370, 372.

The nonsuit was granted upon the ground that the plaintiff had not shown that the property attached by the officer was in fact the property of the defendant. The plaintiff introduced in evidence the officer's return, which states that the officer attached as the property of the defendant in that action a certain automobile and

took the same into his possession. There was no other offer of evidence by the plaintiff tending to prove the ownership of the automobile by the defendant. The recital in the return that the officer had attached, as the property of the defendant, this automobile, was prime facie evidence of defendant's ownership, since such return is prima facie evidence of the facts it recites. *Wilkie* v. *Hall,* 15 Conn. 32, 36; *Watson* v. *Watson,* 6 Conn. 334, 337; *Palmer* v. *Thayer,* 28 Conn. 237, 242.

It was open to the defendant to have introduced evidence controverting this prima facie evidence of ownership, but in the absence of such evidence the prima facie proof became conclusive, and since the other essential allegations of both counts of the complaint were established, the court was in error in granting the judgment of nonsuit and in refusing to set it aside. After the court had granted the motion for a nonsuit, the plaintiff moved that the court allow him to introduce other evidence to prove the ownership of this property. This the court declined to do, upon the ground that it had no power to grant such a motion after the motion for a nonsuit had been granted. In this the court was in error. Under our practice the court may in its sound discretion, after it has granted the motion for a nonsuit and during the period it has jurisdiction of the case, determine whether or not it will permit the introduction of additional evidence.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.