GOOD HUMOR CORPORATION ET AL. *v.* RENATO E. RICCIUTI, LABOR COMMISSIONER

ALCORN, C. J., HOUSE, COTTER, THIM and RYAN, Js.

Argued November 5—decided December 8, 1970

*Louise H. Hunt,* with whom, on the brief, was *Irving S. Ribicoff,* for the appellant (named plaintiff).

*Harry H. Kleinman,* for the appellant (plaintiff Henry W. Michaud, Sr.).

*Carl B. Eisenman,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee (defendant).

THIM, J. The pertinent chronology of this case is as follows: On November 15, 1968, the defendant labor commissioner informed the plaintiff Good Humor Corporation that he would inspect its books and records on December 9, 1968, in order to determine if the plaintiff corporation was complying with General Statutes §§ 31-76b—31-76j, which require the payment of wages for overtime work. On November 25, 1968, the plaintiff corporation and Henry W. Michaud, Sr., an employee, instituted an equitable action seeking to enjoin the defendant from making the inspection. On December 16, 1968, before the return day, the court issued a temporary injunction restraining the defendant from making his inspection until further order of the court. On February 3, 1969, the plaintiffs amended their complaint, which we hereinafter refer to as the original complaint. On March 20, 1969, the defendant demurred to this amended complaint on the ground that the plaintiffs had an adequate remedy at law.

The demurrer was sustained on June 11, 1969, and the plaintiffs filed a second amended complaint, hereinafter referred to as the amended complaint, on June 17, 1969. The defendant moved to expunge the amended complaint on June 23, 1969, alleging that it merely restated the allegations of the original complaint. On August 13, 1969, the court granted the motion to expunge. Upon the plaintiffs' motion, the court, on October 15, 1969, continued the temporary injunction pending the final decision of the Supreme Court or until further order of the Superior Court. Upon motion by the defendant, the court, on November 14, 1969, rendered judgment for the defendant on the demurrer sustained and the complaint expunged. From the judgment the plaintiffs appealed to this court.

In their first assignment of error, the plaintiffs seek to have us decide that the demurrer to their original complaint was improperly sustained. This we cannot do. Upon the sustaining of a demurrer the losing party may take one of two courses of action. He may amend his pleading, or he may stand on his original pleading, allow judgment to be rendered against him, and appeal the sustaining of the demurrer. *Manghue* v. *Reaney,* 99 Conn. 662, 663, 122 A. 566; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 119 (d). The choices are mutually exclusive. The filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the demurrer to the original pleading. *Grady* v. *Kennedy,* 145 Conn. 579, 584, 145 A.2d 124; *Allen* v. *Chase,* 81 Conn. 474, 475, 71 A. 367; *Pettus* v. *Gault,* 81 Conn. 415, 418–19, 71 A. 509; *Arnold* v. *Kutinsky,* 80 Conn. 549, 552, 69 A. 350; *Sidney Novelty Co.* v. *Hanlon,* 79 Conn. 79, 80, 63 A. 727; *Burke* v. *Wright,* 75 Conn. 641, 643, 55 A.

14. When a demurrer is sustained and the pleading to which it was directed is amended, that amendment acts to remove the original pleading and the demurrer thereto from the case. The filing of the amended pleading is a withdrawal of the original pleading. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 554, 227 A.2d 418; *Grady* v. *Kennedy,* supra; *Pope* v. *Watertown,* 136 Conn. 437, 438, 72 A.2d 235; *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 234–245, 167 A. 715; *Lakitsch* v. *Brand,* 99 Conn. 388, 389, 121 A. 865; *Eames* v. *Mayo,* 93 Conn. 479, 489, 106 A.. 825; *Mitchell* v. *Smith,* 74 Conn. 125, 128, 49 A. 909; *Boland* v. *O'Neil,* 72 Conn. 217, 220, 44 A. 15; *Goodrich* v. *Stanton,* 71 Conn. 418, 424, 42 A. 74. "[By] withdrawing one complaint and replacing it by another, [the plaintiff] escaped an adverse judgment, and also abandoned any claim to a favorable judgment on the complaint so withdrawn." *Arnold* v. *Kutinsky,* supra. It is thus clear that a plaintiff cannot file an amendment after the sustaining of a demurrer and, at the same time, appeal from a decision sustaining that demurrer. Under this rule, "if the plaintiff . . . is unwilling to assume the burden of proving what the amendment would introduce into the complaint, he should stand by his original pleading and seek a remedy by appealing from the final judgment which would then be rendered on the issues of law." *Chester* v. *Leonard,* 68 Conn. 495, 504, 37 A. 397. The choice is left to the plaintiff, but once he files an amended pleading the ruling on the demurrer ceases to be an issue.

The rule is a sound one, as it serves to prevent the prolongation of litigation. The instant case is an example of the soundness of the rule. Here, the plaintiffs chose to amend their complaint, but that

amended complaint was expunged. In this situation, were the rule otherwise, a most anomalous result could follow. If the demurrer were improperly sustained, and if the amended complaint were improperly expunged, the plaintiffs would have two complaints pending in the same action. The absurdity of such a result clearly shows that the filing of an amended pleading must remove the original pleading from the file.

We will now consider whether the court erred in sustaining the defendant's motion to expunge the amended complaint. Such a motion is proper to attack an amended complaint after a demurrer has been sustained where the allegations of such complaint appear to be the same, in substance, as the one which was stricken. *Hillyer* v. *Winsted,* 77 Conn. 304, 306, 59 A. 40; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 113 (d). The demurrer to the original complaint was sustained on the ground that the equitable relief sought was unnecessary because the plaintiffs had an adequate remedy at law. If the amended complaint stated a new cause of action, the motion to expunge should have been denied. If, however, the amended complaint merely restated the original cause of action, without curing the defect, the motion to expunge was properly granted. "When a demurrer to the whole . . . of a pleading which purports to state an entire cause of action is sustained, the sustaining of the demurrer removes from the case the cause of action demurred to." *Grady* v. *Kennedy,* 145 Conn. 579, 584, 145 A.2d 124; see Practice Book § 112. Thus, in the instant case the cause of action has been removed. The amendment to the complaint must either state a new cause of action or correct the defect. It has done neither.

Of the twenty-three paragraphs in the first count of the amended complaint, twenty are precisely the same as in the original complaint. One paragraph, 15a, is new, but it neither changes the cause of action nor corrects the defect. It merely alleges that the plaintiff corporation is not subject to the overtime provisions of General Statutes §§ 31-76b—31-76j, and that the defendant has no power to inspect the corporation's records, to determine its liability, or to issue any orders with respect to the corporation. Substantially the same allegations may be inferred from the language contained in paragraphs 12, 13, and 13a of the original complaint. The only other changes in the first count are in paragraph 21. In the original complaint, the plaintiffs alleged that, if the investigation was not restrained, irreparable injury would result. In the amended complaint, the plaintiffs allege that if the defendant is not restrained from "determining plaintiff Corporation's claimed liability under the Act and issuing any order against plaintiff Corporation," irreparable injury will result. The phrase just quoted is the sole addition. Clearly, that phrase clarifies the allegation by specifying what acts, if committed by the defendant, will allegedly cause irreparable injury, but it does nothing to remedy the defect which resulted in the sustaining of the demurrer. The same is true with respect to the single word "claimed" added to paragraph 21 (a).

The plaintiffs' second count is unchanged in the amended complaint, except that paragraph 15a of the first count is now included. As noted, that paragraph does not cure the defect or state a new cause of action.

The only major change in the amended complaint is the addition of a third count. The plaintiffs claim

that this count presents a cause of action different from that in the original complaint and in the first count of both complaints. They point to paragraph 18 of the third count of the amended complaint which quotes from General Statutes § 31-58. Their contention is that, since the allegations of the first count allege that the employees are *exempted* from coverage by § 31-76i and since, under the third count, the employees are *not included* in the definition of "employee" in § 31-58, the two are different causes of action. We do not agree. The alleged cause of action is that the commissioner is attempting to apply the overtime provisions of a statute which the plaintiffs claim does not apply to them. Whether the application of the overtime provisions is derived from § 31-76i or § 31-58 does not vary the cause of action. Paragraph 18 of the third count merely states another statutory basis for the original claim, namely, that the employees of the plaintiff corporation are not within the provisions of chapter 558 of the General Statutes. In this case, that is not a new cause of action, and thus the allegations of paragraph 18 are substantially the same as the allegations of the original complaint.

Paragraphs 19–25 are repetitions of the allegations found, either expressly or implicitly, in the first count of both the original and the amended complaints. Thus they do not operate to add anything to the original complaint. In all, the third count does not succeed in showing that there is no adequate remedy at law or in providing a new cause of action.

Finally, the plaintiffs' claims of relief are identical in both complaints. They, too, do not cause the amended complaint to be different in substance from the original complaint.

It is clear that the plaintiffs' amended complaint does not substantially change the allegations of the original complaint. It merely repeats them in a different form and in slightly different language. "The substitute complaint contained no allegations which would in any way obviate . . . [the] defect, and no good purpose would have been served by leaving it in the file." *Oefinger* v. *Dalton,* 116 Conn. 720, 722, 165 A. 351. The motion to expunge was properly granted.

There is no error.

In this opinion the other judges concurred.