## PEOPLE'S BANK *v.* JOSEPH F. HORESCO
### (13091)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued September 30—decision released November 24, 1987

*Daniel V. Presnick,* for the appellant (defendant).

*Dion W. Moore,* with whom were *Louis C. Zowine* and, on the brief, *Janet H. Stratton* and *Gary G. Williams,* for the appellee (plaintiff).

*Joseph I. Lieberman,* attorney general, and *Robert M. Langer, Neil G. Fishman* and *William M. Rubenstein,* assistant attorneys general, filed a brief for the state of Connecticut as amicus curiae.

COVELLO, J. This appeal challenges the essentially procedural consequences that followed the entry of a default after the defendant failed to appear at the time assigned for trial. While the appeal purports to raise several other substantive issues, the record discloses that they have not been properly preserved for appellate review.

The underlying suit alleged failure to pay the amount due on a promissory note. The defendant, Joseph F. Horesco, admitted that monies were owed but left the plaintiff, People's Bank, to its proof as to the exact sum due. The defendant also filed a three count counterclaim alleging a single violation of the Connecticut Truth In Lending Act,[1] and two violations of the Connecticut Unfair Trade Practices Act (CUTPA).[2] The court, *Maiocco, J.,* thereafter granted the plaintiff's motion to strike the second and third counts of the counterclaim dealing with the CUTPA claims.

In due course the matter was assigned for trial. The defendant failed to appear at trial. The court entered a default and rendered judgment for the plaintiff. The court thereafter opened the judgment solely to correct a mathematical error in the calculation of counsel fees. The defendant moved to reopen the judgment. The court denied the motion.

[1] General Statutes § 36-393 et seq.

[2] General Statutes § 42-110a et seq.

The defendant appeals, contending that the court erred in: (1) striking two counts of his counterclaim; (2) entering a default against the defendant; (3) awarding attorney's fees without a factual basis; (4) correcting the judgment without notice to the defendant; and (5) failing to reopen the judgment. We conclude that these claims are without merit and find no error.

With respect to the counterclaims, the record reflects that on September 9, 1985, the court, *Maiocco, J.,* granted the plaintiff's motion to strike the second and third counts of the defendant's counterclaim. The defendant had not filed the required memorandum of law and did not appear at the time assigned for hearing. Therefore, the motion was deemed granted by consent pursuant to the operation of Practice Book § 155.[3] Although the defendant attempted to reintroduce this subject matter, see footnote 6 infra, no judgment was ever entered with respect to the stricken CUTPA counterclaims.[4] Since there was no judgment as to them, we are without jurisdiction to consider this aspect of the appeal. *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 86, 495 A.2d 1063 (1985).[5]

The defendant next claims error in the court's entering a default against him. Examination of the court

---

[3] Practice Book § 155 provides in relevant part: "An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion."

[4] On January 30, 1986, the defendant withdrew the counterclaims alleging violations of the Connecticut Unfair Trade Practices Act, thereby precluding the entry of judgment on these issues.

[5] We also decline to plunge into the procedural thicket caused by the defendant's subsequent filing of a second and then third revised counterclaim presenting the identical CUTPA issues, and the decision on a subsequent motion to strike in which the court took up the CUTPA issues and

transcript discloses that the defendant failed to appear at the time assigned for trial on March 12, 1986. This being the case, the entry of a default[6] and the rendition of immediate judgment was in order. See Practice Book § 364.[7] Since the matter in dispute involved a liquidated sum due under a promissory note, the plaintiff had the option of proving damages by either a verified affidavit or the presentation of other evidence. See Practice Book § 366.[8] No notice to the defendant was required. See Practice Book § 364.

With respect to the award of attorney's fees and the subsequent correction of their amount, the promissory note in question authorized counsel fees in an amount up to 15 percent of the sum due. The court, having examined the underlying instrument, authorized the full 15 percent. Determination of the amount of counsel fees reposes in the sound discretion of the court.

again granted the motion to strike. We are satisfied that the CUTPA issues were stricken by the trial court's first decision September 9, 1985. We recognize that ordinarily the filing of an amended pleading after a motion to strike has been granted, removes the original pleading from the case. See *Good Humor Corporation* v. *Ricciuti,* 160 Conn. 133, 135, 273 A.2d 886 (1970). We decline to review the subsequent ruling in this case, for the reason that the amended counterclaim contained substantially the same allegations as those in the original counterclaim and should have been the subject of a request to revise; see Practice Book § 147; and not a further motion to strike. See *Good Humor Corporation* v. *Ricciuti,* supra, 135.

[6] This caused the issues to be found for the plaintiff on not only the complaint but also the first count of the defendant's counterclaim, which dealt with the Connecticut Truth in Lending Act claim.

[7] Practice Book § 364 provides in relevant part: "(a) If a defendant is defaulted for failure to appear for trial, evidence may be introduced and judgment rendered without notice to the defendant."

[8] Practice Book § 366 provides: "In all actions of contract when damages are to be assessed after entry of a default, the plaintiff must file an account, copy, statement, or bill of particulars verified by oath, or duly present evidence in court in support of his claim."

*Link* v. *Shelton,* 186 Conn. 623, 629, 443 A.2d 902 (1982).

The record further reflects that on March 19, 1986, the court opened the judgment for "the sole purpose of changing the attorney's fee" as the 15 percent amount authorized in the promissory note had been calculated incorrectly. It was within the trial court's discretion to make this modification once apprised of the mathematical error. *Link* v. *Shelton,* supra. There is nothing in the record to support the defendant's claim that there was no notice to him of this proceeding.

Finally, the defendant claims error in connection with the court's failure to open the judgment. Review of the record discloses that on March 24, 1986, the defendant filed a motion to open the judgment. Attached to the motion was counsel's affidavit stating that, although he had received notice of the March 12 proceedings, he had not understood that his actual appearance was required. When the defendant again did not appear on April 7, 1986, the date set for the hearing on the motion, the trial court specially assigned the motion for the following day. Upon the defendant's failure, yet again, to appear, the trial court, *Jacobson, J.,* denied the defendant's motion with prejudice.

The defendant's application to open the judgment upon default is committed to the sound discretion of the trial court. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 34, 82 A.2d 146 (1951). The burden of demonstrating reasonable cause for the nonappearance is on the defaulted party, and "[t]he judgment should not ordinarily be opened if his failure to appear or procure a continuance resulted from his own negligence." Id., citing *Schoonmaker* v. *Albertson & Douglas Machine Co.,* 51 Conn. 387, 392 (1884). Upon a thorough exami-

nation of the record and the circumstances of this default we find no abuse of the trial court's discretion in this matter.

There is no error.

In this opinion the other justices concurred.