[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 30, 1989, the plaintiff Abraham Kalina, administrator of the estate of Robin Kalina Pratt, filed this action against the defendants City of Waterbury, Daniel Cavanaugh, and William Lamb (hereinafter "the defendants"). The plaintiff alleges in the complaint that the defendants were negligent and violated decedent Robin Kalina Pratt's right to due process of law in failing the investigate the defendants' claims that she had been assaulted by her estranged husband. It is alleged that shortly after making such a report to the Waterbury Police Department, the decedent was murdered by her estranged husband.
On May 11, 1990, the defendants filed a motion to strike the second and fifth counts of the plaintiffs' complaint. On April 30, 1992, the plaintiff, pursuant to Practice Book 176 (c), filed a "Motion (sic) to Amend" the fifth and sixth counts of the complaint. The defendants filed an objection thereto on May 8, 1992.
On July 20, 1992, the defendants' motion to strike counts two and five of the original complaint was denied by the court (Lewis J.). The defendants' objection to the amended complaint was overruled by the court (Leheny, J.) on September 14, 1992. On October 15, 1992, the defendants filed a request to revise the amended complaint pursuant to Practice Book 147.
On October 20, 1992, the plaintiff filed a motion to strike the request to revise that had been filed by the defendants. The plaintiff bases the motion to strike on two grounds: (1) the filing of the request to revise was improper under Practice Book 251, and (2) the defendants have waived their right to file a request to revise by first filing a motion to strike.
The purpose of a motion to strike "is to test the legal sufficiency of a pleading . . . and if facts provable under the allegations would support a defense or a cause of action, the demurrer (motion to strike) must fail'" (Citations omitted.) Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) CT Page 10891
Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
 A motion to strike may be used to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim, or cross complaint, (3) the legal sufficiency of any such complaint, counterclaim or cross complaint, or any count thereof, because of the absence of any necessary party, or (4) the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts, or (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein . . . .
(Emphasis added.) Practice Book 152.
A request to revise is not among those pleadings which may be subject to a motion to strike. Accordingly, a motion to strike is not the proper vehicle to test the sufficiency of the defendants' request to revise. See Deutsche Bank Co. v. Hermann, 4 C.S.C.R. 771 (November 6, 1989, Cioffi, J.).
Even if the plaintiff's motion to strike were procedurally proper, it would fail on its merits. The plaintiff argues that the defendants' filing of a request to revise is in violation of Practice Book 251. That section states in relevant part that "[i]f a case is printed on a dormancy calendar . . . and a motion for default for failure to plead is filed . . . only those papers which close the pleadings by joining issues, or raise a special defense, may be filed by any party, unless the court otherwise orders." Practice Book 251. CT Page 10892
In the case sub judice, the plaintiff filed a motion for default for failure to plead on August 12, 1992, which was granted on August 18, 1992. However, the defendants filed a motion to vacate the default on August 28, 1992, which was granted by the court (Leheny, J.) pursuant to an agreement by the parties on September 14, 1992. The defendant is therefore not in default for failure to plead, and the plaintiff has not filed a subsequent motion for default. Accordingly, the constraints of Practice Book 251 are inapplicable to this situation.
The plaintiff also argues that the defendants have waived their right to file a request to revise by previously filing a motion to strike.[1] However, the defendants' motion to strike was directed at the original complaint, and the request to revise is directed at the amended complaint. "If the party chooses to replead, the filing of the amended pleading `acts to remove the original pleading and the [motion to strike] thereto from the case.'" Klein v. Town of Westport, 4 C.S.C.R. 6, 7 (January 2, 1989, McGrath J.), quoting Good Humor Corporation v. Ricciuti, 160 Conn. 133, 136, 273 A.2d 886 (1970).
Therefore, the defendants' filing of a request to revise the amended complaint is not in derogation of the order of pleading prescribed by Practice Book 112.
The motion to strike to denied.
BALLEN, JUDGE.