[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 11, 1996
This action arises out of an operation performed by Alfredo Arbulu, M.D. (Dr. Arbulu), on the plaintiff, Caroline Ambrosini, on March 10, 1994 at defendant Johnson Memorial Hospital, Inc. (Johnson Memorial). The plaintiff alleges that during the removal of a cyst, she suffered burns on the face, left ear and shoulders because an instrument being used during her surgery ignited in the oxygen environment within which the operation was occurring.
On May 9, 1996, the plaintiff filed a request for leave to amend her amended revised complaint along with a memorandum of law in support thereof. Dr. Arbulu filed an objection to the plaintiff's request to amend on May 24, 1996 on the grounds that the complaint against him had been withdrawn by the plaintiff and that the proposed new cause of action against him is barred by the statute of limitations.
Consideration of the motion requires a recitation of the pertinent pleadings filed by the parties. The plaintiff filed the original action on March 30, 1995, for injuries allegedly sustained during the removal of a cyst from the plaintiff's neck. Johnson Memorial and Dr. Arbulu were named as defendants in the initial complaint. On October 5, 1995, the plaintiff filed a revised complaint, naming Johnson Memorial Hospital, Inc. and Dr. Arbulu as defendants in the First and Second Counts, respectively. On October 17, 1995, Dr. Arbulu filed a motion to CT Page 5417 strike the revised complaint on the ground that the plaintiff failed to attach a good faith certificate as required by General Statutes § 52-190a. The court, Sheldon, J., granted defendant Arbulu's motion. On November 20, 1995, the plaintiff filed an amendment to the revised complaint.
In the caption of the November 20, 1995 complaint, Dr. Arbulu is identified as a party being sued. In Paragraph 4 of the first, and only count, reference is made to "The Defendant Alfredo Arbulu, M.D. . . ." But in the introduction to the First Count, only the hospital is identified as a defendant. Unlike in the October 5, 1995 revised complaint, there was no second count specifically directed at Dr. Arbulu.
On January 19, 1996, defendant Johnson Memorial Hospital moved to cite in Dr. Carlos Moreau, who was the attending anesthesiologist at the time of the incident, as a party defendant. This motion was granted by the court, Hennessey, J., on February 5, 1996. On May 9, 1996, the plaintiff filed the present request for leave to amend her amended revised complaint to again name Dr. Arbulu in the Second Count of the proposed amended complaint. Dr. Arbulu has filed an objection to the plaintiff's request for leave to amend.
"The trial court has wide discretion in granting or denying amendments, and its determination will not be reversed absent an abuse of discretion." (Citations omitted; internal quotations omitted.) Web Press Services Corp. v. New London Motors, Inc.,203 Conn. 342, 360, 525 A.2d 57 (1987). Connecticut "generally follows a liberal policy in allowing amendments to complaints."Id. Factors to be considered in determining whether leave to amend should be granted are the length of the delay, the fairness to the opposing party, and the negligence, if any, of the party offering the amendment. Beckman v. Jalich Homes, Inc., 190 Conn. 299,302-03, 460 A.2d 488 (1983). These principles must be considered in light of Practice Book Section 6, which provides that our Rules of Procedure should be interpreted liberally "to facilitate business and advance justice."
In the present case, Dr. Arbulu argues that the plaintiff has previously amended her pleading thereby eliminating him as a defendant. Dr. Arbulu contends that the filing of the amended complaint operated as a matter of law as a withdrawal of her previous pleading. Therefore, he argues that the plaintiff cannot now reclaim a cause of action against him. Dr. Arbulu cites GoodCT Page 5418Humor Corp. v. Riccuiti, 160 Conn. 133, 273 A.2d 886 (1971), in support of his argument.
In response, the plaintiff argues that she may amend her complaint under the provisions of Practice Book § 176 since defendant Arbulu did not move for judgment after the granting of the motion to strike.
Practice Book § 176 provides in pertinent part that "a party may amend his pleadings . . . at any time . . . (c) by filing a request for leave to file such amendment with the amendment appended." Connecticut courts has consistently held that unless there is some sound reason for denying permission to amend in order to remedy mispleading, a request to do so should be granted. Falby v. Zarembski, 221 Conn. 14, 24, 602 A.2d 1
(1992); Clayton v. Clayton, 115 Conn. 683, 686, 163 A.2d 458
(1932). As noted above, the essential factors in evaluating a motion to amend are whether it will work an injustice to the opposing party and whether it will unduly delay a trial ColonialBank Trust Co. v. Matoff, 18 Conn. App. 20, 26, 556 A.2d 619
(1989).
None of the factors that weigh in favor of denying the plaintiff's request to amend are present in the present case. Granting the plaintiff's request to amend will not work an injustice to Dr. Arbulu as he was a named defendant in the original complaints filed by the plaintiff. Nor is there any indication in the record that allowing the plaintiff to amend the complaint will unduly delay trial.
Dr. Arbulu's reliance on Good Humor Corp. v. Riccuiti, supra,160 Conn. 133, is not determinative of this motion. In Good HumorCorp., the plaintiffs filed an amendment complaint, seeking to enjoin the labor commissioner from inspecting the plaintiff employer's books and records. The defendant filed a motion to strike on the ground that the plaintiffs had an adequate remedy at law. The motion to strike was granted, and the plaintiffs filed a second amended complaint. The defendant moved to strike the amended complaint on on the ground that it merely restated the allegations of the original complaint. The court, again, granted the defendant's motion. The plaintiffs appealed the court's decision, arguing that the motion to strike was erroneously sustained and that the original complaint was properly filed. The court held that it could not entertain the question of whether the original complaint was properly filed CT Page 5419 because the plaintiffs had subsequently filed an amendment complaint. The court reasoned that "[t]he filing of an amended complaint operates as a waiver of the right to claim that there was error in the [granting of the motion to strike] the original pleading." Good Humor Corp v. Riccuiti, supra, 160 Conn. 135. The court further reasoned that "a plaintiff cannot file an amendment after the [granting of a motion to strike] and, at the same time, appeal from a decision [granting that motion to strike]." Id.,
136.
Unlike the plaintiffs in Good Humor Corp., the plaintiff in the present case is not pursuing an appeal on this court's granting of a motion to strike the original complaint and, simultaneously, attempting to amend that complaint. In the present case, the plaintiff simply wishes to amend her complaint so that she can bring a proper cause of action against someone she alleges to be a proper defendant, Dr. Arbulu — who was named as a defendant in the initial complaints.
Review of the pleadings suggests that the plaintiff may very well have inadvertently omitted Dr. Arbulu from her amended revised complaint of November 20, 1995. If that is what occurred, plaintiff should be able to remedy such an inadvertent mistake in the absence of prejudice to Dr. Arbulu. Even if that is not what occurred, I conclude that under the circumstances of this case, permitting the amendment will neither work an in justice on Dr. Arbulu nor delay the trial.
Dr. Arbulu also argues that the proposed new cause of action against him is barred by the two year statute of limitations in General Statutes § 52-584. I disagree.
"It is well settled that amendments, unless they allege a new cause of action, relate back to the date of the complaint." Bakerv. Baker, 166 Conn. 476, 486, 352 A.2d 277 (1974), overruled on other grounds, LaBow v. LaBow, 171 Conn. 433, 441, 370 A.2d 990
(1976). Additionally, a change in or an addition to a ground of negligence or an act of negligence does not change the cause of action where the group of facts originally claimed to have brought about the injury is not altered. Cooper v. Ketover,35 Conn. Sup. 38, 43, 393 A.2d 64 (1978). The gravamen of the plaintiff's complaint as to how the injuries occurred, specifically, upon the igniting of an instrument being used during surgery, has remained consistent in her proposed second amended revised complaint. Plaintiff simply wishes to change CT Page 5420 and/or reinsert allegation of liability in her complaint. A change in an allegation of liability does not introduce a new cause of action. Jonap v. Silver, 1 Conn. App. 550, 556,474 A.2d 800 (1984); Cooper v. Ketover, supra, 35 Conn. Sup. 43.
Considering all of the facts and circumstances present, I conclude that the proposed second amended complaint does not give rise to a new and different cause of action because plaintiff's theories of liability arise from a single group of facts.
For the reasons stated, plaintiff's request for leave to amend the complaint is granted.