[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on the Equitable Defendants' Request toRevise by Deletion
The defendants, Equitable Companies, Inc. and Equitable Assurance Society of the United States (collectively referred to herein as "Equitable"), have filed Requests to Revise by Deletion in seventeen of the nineteen class actions pending against them and other defendants in this court.[1]
Procedural History
The above-captioned action is one of nineteen class actions pending in this court against Colonial Realty Company and various related entities (Colonial Realty Company and all of its related entities are referred to collectively in this Decision as "Colonial.") Between March 1991 and November 1992 attorneys representing the class of all persons who invested in various Colonial limited partnerships commenced nineteen class actions in this court. Equitable was not named as a defendant in any of those actions. By Amended Complaints dated December 13, 1993, which were served on Equitable on December 27, 1993, the plaintiffs first sued Equitable in the class actions.
In March, 1994 Equitable moved to strike all allegations CT Page 6196 against it. Thereafter, the plaintiffs sought leave of this court to amend their complaints. Leave to amend was granted and in January 1995 the plaintiffs served amended complaints in the class actions. On March 17, 1995, Equitable filed a second motion to strike the allegations against it.
This court held a status conference/hearing on May 19, 1995. At that time various defendants claimed that the allegations of the complaints as to them were impermissibly vague. In addition various defendants expressed their views that they had filed motions which were potentially dispositive of the causes of action against them and their opportunity to have the court consider those motions had been unfairly delayed by the plaintiffs' amendments to the complaint. The plaintiffs' attorney represented to the court and the defendants present, including Equitable, that he would file amended complaints, which would contain more specific factual allegations as to the alleged wrongdoing of the various defendants and would contain "everything we have. The kitchen sink. Whatever we have you're going to see." May 19, 1995 Hearing, Tr. at 53.
Thereafter the court again allowed the plaintiffs to amend their complaints. This had the effect of delaying yet again the attempt by Equitable, and other defendants to present their dispositive motions to the court.
The plaintiffs' "kitchen sink" amended complaints were served on June 20, 1995. Those complaints were more than 150 pages long, and contained more than 500 paragraphs. A review of the amended complaints by counsel for the purpose of making a dispositive motion, or the court, for the purpose of ruling on such a motion, was a laborious endeavor.
On July 11, 1995, Equitable filed a supplemental brief in support of its Motion to Strike which had addressed the complaints which preceded the June 20, 1995 amended complaints. On January 5, 1996 this court, acting by the undersigned, issued a Memorandum of Decision striking seventeen of the amended complaints as to Equitable. The basis of the ruling with respect to the following seven actions was that they had not been commenced within five years of the alleged fraud and they tailed to state a cause of action under Connecticut General Statutes § 36-498 (a)(2) or § 36-498 (c), portions of the Connecticut Uniform Securities Act ("CUSA"): CT Page 6197
No. 92-0518570S Calnan v. Autuori;
No. 92-0518562S Correnti v. Autuori;
No. 92-0518563S Hadigian v. Cafritz;
No. 92-0518569S Murtha v. Cafritz;
No. 92-0518568S Reilly v. Pinkus;
No. 92-0518567S Waters v. Autuori;
No. 91-0394360S Steinman v. Colonial Realty II.
The basis of the ruling with respect to the following eight actions was that they were not commenced within five years of the alleged fraud:
No. 92-0518565S Audette v. Autuori;
No. 92-0518561S Christoforo v. Pinkus;
No. 92-0073564S Audette v. Pinkus;
No. 92-0518571S Liebman v. Autuori;
No. 91-0554097S Riggi v. Colonial Broadwater;
No. 91-0554995S Rosen v. Colonial Metro;
No. 92-0518572S Siracusa v. Autuori;
No. 92-0518S64S Tripodina v. Pinkus.
Finally, the basis of the ruling with respect to the following two actions was that the complaints failed to state cause [sic] of action under § 36-498 (a)(2) or (c):
No. 91-0554098S Christofaro v. Colonial Healthcare;
No. 91-0554096S Sticka v. Colonial Realty/USA Corp.
On February 5, 1996 the plaintiffs served amended complaints in all nineteen class actions and on February 21 and February 22, 1996 the plaintiffs served new amended complaints dated February CT Page 6198 20, 1996 in six of the seventeen actions in which the court had granted Equitable's Motion to Strike. Equitable's Request to Revise by Deletion is addressed to the February 20, 1996 complaints.
Legal Issues
A request to revise by deletion is permitted under Practice Book § 147(2), which provides:
 Whenever any patty desires to obtain . . . (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading. . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading.
The request to revise by deletion is derived from the "motion to expunge." See Authors' Comments, Moller Horton, Connecticut Practice Book Annot. § 147, at 315-16 (1989). The Supreme Court of Connecticut has held that the request to revise by deletion" is favored over a further motion to strike. People'sBank v. Horesco 205 Conn. 319, 533 A.2d 850 (1987). In People's Bank the trial court had stricken the defendant's counterclaim. The defendant refiled a counterclaim which contained substantially the same allegations as those in the counterclaim which had been stricken. The Court refused to review issues raised by the defendant's subsequent counterclaim and stated:
 We recognize that ordinarily the filing of an amended pleading after a motion to strike has been granted, removes the original pleading from the case. See Good Humor Corporation v. Ricciuti, 160 Conn. 133, 135, 273 A.2d 886 (1970). We decline to review the subsequent ruling in this case, for the reason that the amended counterclaim contained substantially the same allegations as those in the original counterclaim and should have been the subject of a request to revise; see Practice Book 147; and not a further motion to strike. See Good Humor Corporation v. Ricciuti
supra, 135. 205 Conn. at 324 n. 5.
In Good Humor Corp. v. Ricciuti, 160 Conn. 133, 136,273 A.2d 886 (1970), the Court observed that the prevention of a "prolongation of litigation," was one purpose of the request to revise by deletion (which was then referred to as a motion to expunge.) CT Page 6199
In this court's Memorandum of Decision it held that under the one year/five year limitation period of Connecticut General Statutes § 36-498 (f) all actions in which the plaintiff purchased his or her limited partnership interest prior to December 27, 1988 are absolutely barred. The court struck fifteen actions because they alleged that the plaintiff had purchased his or her limited partnership interest prior to December, 1988. In an apparent attempt to avoid the foregoing ruling on the statute of limitations under CUSA, the February 5, 1996 and the February 20, 1996 complaints contained a change in the allegations concerning the date on which the plaintiffs purchased their limited partnership interests. For example, the June 20, 1995 complaint in Steinman v. Colonial Realty II (Q09) and all prior complaints in that class action contained the allegation that the plaintiff "purchased a limited partnership interest in Colonial Colmark I Limited Partnership . . . in or about August of 1987." The February 20, 1996 Complaint alleges that the plaintiff purchased his limited partnership interest "in or before March of 1988 when the offering closed on the property." This substitution of a theoretical purchase date for an actual purchase is clearly an attempt to evade the court's previous ruling. In addition, it is improper. CUSA provides a remedy for injuries caused by deceptive purchases and sales of securities. Russell v. DeanWitter Reynolds, Inc., 200 Conn. 172, 181, 510 A.2d 972 (1986). The determinative date for limitations purposes is the date of the purchase and sale, Henley v. Slone, 961 F.2d 23, 24 (2d Cir. 1992); Ceres Partners v. Gel Associates, 918 F.2d 349, 364 (2d Cir. 1990), not the date on which the sale, theoretically, could have occurred.
The plaintiffs filed the February 20, 1996 complaints "as of right" pursuant to Practice Book § 157. Section 157 of the Practice Book allows pleading over after a prior complaint is stricken in order to avoid injustice. McCutcheon Burr, Inc. v.Berman, 218 Conn. 512, 528, 590 A.2d 438, 445 (1991); SouthportManor Convalescent Ctr. v. Foley, 216 Conn. 11, 15, 578 A.2d 646,648 (1990). Thus, a complaint against the State of Connecticut, for example, may be fatally defective because it fails to allege that the State's conduct was the sole proximate cause of the plaintiff's injuries. If it is stricken, § 157 permits the plaintiff to file a new complaint to cure the defect.
Section 157 was not intended to allow a plaintiff to play games with the pleading process by using improper allegations of theoretical dates of purchase after allegations of actual CT Page 6200 purchase dates have been stricken. Allowing such a complaint to stand does not prevent injustice, it causes injustice to Equitable.
Moreover, even under the purchase date allegations of the February 5, and February 20, 1996 complaints twelve of the fifteen actions which were stricken because they were barred by the statute of limitations are still barred because the theoretical purchase date is before December, 1988:
No. 92-0518570S Calnan v. Autuori;
No. 92-0518562S Correnti v. Autuori;
No. 92-0518563S Hadigian v. Cafritz;
No. 92-0518569S Murtha v. Cafritz;
No. 92-0518567S Waters v. Autuori;
No. 91-0394360S Steinman v. Colonial Realty II.
No. 92-0518565S Audette v. Autuori;
No. 92-0518561S Christoforo v. Pinkus;
No. 92-0073564S Audette v. Pinkus;
No. 92-0518571S Liebman v. Autuori;
No. 91-0554095S Rosen v. Colonial Metro;
No. 92-0518572S Siracusa v. Autuori.
The complaints in Christofaro v. Colonial Healthcare, andSticka v. Colonial Realty USA Corp. were stricken for failure to state a cause of action under § 36-498 (a)(2) or § 36498 (c). This court indicated:
 The Complaint alleges that certain Equitable salesmen received commissions or finders fees for their sale of certain limited partnership interests. In the actions where Equitable salesmen are not alleged to have sold any Colonial limited partnership interests there are no other facts alleged which would constitute material assistance. CT Page 6201
 The conclusory allegations that Equitable and Colonial were engaged in a "joint venture" or "conspiracy" is not a substitute for a specification of acts or omissions on which the plaintiff's claims rest. Ross V. A.H. Robins Co., Inc., 607 F.2d 545, 557-8
(2d Cir. 1979). cert. denied, 446 U.S. 946 (1980). In Ross the Court held that a plaintiff alleging fraud in connection with a securities transaction must specify the acts or omissions upon which its claim rests and stated:
 It will not do merely to track the language of Rule 10b-5 and rely on such meaningless phrases as "scheme and conspiracy" or "plan and scheme and course of conduct to deceive." Id.
 Based on the foregoing, the class actions in which Equitable salesmen did not sell any interests in the subject limited partnership are ordered stricken because the Complaint does not state a cause of action under § 36498(a)(2) or § 36498(c) (this section, discussed below, also requires material assistance as a prerequisite to secondary liability).
The new complaints do not allege sales by Equitable of limited partnership interests in the limited partnerships which are the subject of the actions in Christoforo (Colonial Healthcare) and Sticka (Colonial Mesa). They are not substantially different from the complaints which were ordered stricken. They merely add conclusory, vague and general language concerning sale and offer of sale of some Colonial limited partnership interests.
One of the purposes of the request to revise by deletion is to prevent endless pleading and repleading of causes of action that are essentially the same. Under the circumstances of this case, the filing of the February 5 and February 20, 1996 complaints constitute an intolerable abuse of the pleading process. Given the sheer length of the complaints in these actions (approximately 150 pages) even reviewing them is burdensome for the defendants and for the court. The plaintiffs have ostensibly added more "facts" to the February 20, 1996 complaints. However, seven months before February 20, 1996, they had been permitted to file amended complaints, in part, because of their representation that those complaints (June 20, 1995) would be as factually specific and complete as possible. A large amount of attorney and court time was expended in reviewing those complaints for the purpose of filing or ruling on the motion to CT Page 6202 strike. Based on the foregoing and on the failure of the complaints in question to contain allegations substantially different from the complaints which this court ordered stricken, Equitable's request to revise by deletion is appropriate to put an end to the plaintiffs' protracted pleading in this action and the other sixteen class actions to which this decision applies.
For the foregoing reasons the request to revise by deletion is granted.
Aurigemma, J.