[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REARGUE
This is a wrongful death action in which the plaintiff tenants sued the landlord for money damage claims arising out of a fire which tragically took the lives of their children.
As a result of a previous ruling on a Motion to strike, the seven count complaint was struck in its entirety. The plaintiffs chose to plead over and amend some counts and not amend others. The principal issue presently before the court arises because even as to those counts as to which the plaintiffs did not choose to plead over by way of amendment, it again pled them in the same form in which they had been originally pled and struck in an effort not to waive the right to appeal as to those struck counts on which it did not offer a new amended pleading.
The defendant moves to reargue the court's previous denial of defendant's Request to Revise the plaintiffs' third amended complaint, in which the defendant requested deletion of those counts which were again pled by the plaintiffs in the same form as earlier pled and struck.
In previously sustaining the plaintiffs' objection to the request, the court ruled that the defendant nonetheless could move for judgment on the court's previous rulings on the Motion to Strike, citing Royce v. Westport, 183 Conn. 177, 178,439 A.2d 298 (1981).
For the reasons that the defendant has raised substantial issues, reargument is granted.
The court will turn first to analysis of the defendant's contentions that it is entitled to deletion of certain repled counts which were again set out by the plaintiffs in the same form as struck. The court after reargument now agrees that they should be deleted.
The defendant contends that Royce and PL Properties Inc. v.
CT Page 4113Schnip Development Corp., 35 Conn. App. 46, 643 A.2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155 (1994), an Appellate Court decision subsequent to Royce, indicate that it was encumbent upon the plaintiffs rather than the defendant to move for judgment to preserve a right to claim that there was error in granting a defendant's motion to strike the original pleading. They cite PL
for the proposition that:
 The plaintiff could have tested the legal sufficiency of its allegations to support a cause of action after the first motion to strike was granted by moving for judgment on the fourth and fifth counts and then appealing from the judgment rendered against it. See Practice Book § 4002(b).
PL Properties Inc. v. Schnip Development Corp., supra , 49, n. 6.
The defendant urges the court that by pleading over essentially the same struck complaint for counts 2, 5 and 6[1], in a new pleading, according to the holding in both Royce and PLProperties, the filing of this new amended pleading "operates as a waiver of the right to claim that there was error in the sustaining of the motion to strike the original pleading." When a motion to strike is sustained and the pleading to which it was directed is amended, that amendment acts to remove the original pleading and original motion to strike thereto from the case.
 "The filing of the amended pleading is a withdrawal of the original pleading." (Citations omitted; internal quotation marks omitted.) Royce v. Westport, supra , 183 Conn.; Good Humor Corp. v. Ricciuti, 160 Conn. 133, 135-36, 273 A.2d 886 (1970). "The choice is left to the plaintiff, but once he files an amended pleading, the ruling on the [motion to strike] ceases to be an issue. The rule is a sound one, as it serves to prevent the prolongation of litigation." Good Humor Corp. v. Ricciuti, supra, 136.
PL Properties Inc. v. Schnip Development Corp., supra , 49.
It is the defendant's position that because the plaintiffs have elected to replead in an Amended Complaint essentially the same allegations as were set forth in counts 2, 6 and 7 previously stricken from an earlier complaint, the decisions in both PL Properties, Inc. and Royce suggest CT Page 4114 that the proper course of action for the defendant is to challenge the new Amended Complaint by filing either a Request to Revise or a second Motion to Strike.
 When the allegations of an amended complaint appear to be the same in substance as those of an earlier complaint that was stricken, the defendant may challenge the amended complaint by filing a request to revise; Royce v. Westport, supra , 183 Conn. 180-81; or a second motion to strike. See Jensen v. Nationwide Mutual Ins. Co., 158 Conn. 251, 263-64, 259 A.2d 598
(1969). "The request to revise is a [request] for an order directing the opposing party to revise his pleading in the manner specified." Royce v. Westport, supra, 180. Although the request to revise may not ordinarily be used to substantively challenge a pleading, it may be used to delete "otherwise improper allegations" from a complaint. Id. The motion to strike, on the other hand, challenges the legal sufficiency of the pleading by testing whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358, 372, 636 A.2d 786 (1994).
 Although the pleadings generally serve different functions, either may be used when the amended complaint merely restates the original cause of action that was previously stricken. See Royce v. Westport, supra, 183 Conn. 180; Good Humor Corp. v. Riccuiti, supra, 160 Conn. 135; Jensen v. Nationwide Mutual Ins. Co., supra, 158 Conn. 264. If the plaintiff here has in fact merely restated the original cause of action, the defendant would prevail on either pleading.
PL Properties, Inc. v. Schnip Development Corp., supra,35 Conn. App. 50; see also Royce v. Westport, supra, 180.
The defendant notes that our Supreme Court indicated in a footnote in People's Bank v Horesco, 205 Conn. 319, 321-22 n. 5,533 A.2d 850 (1987), that when the amended pleading contains substantially the same allegations as those stricken from the original pleading, the challenging party should file a request to revise, not a second motion to strike. The discussion in the footnote relied on Good Humor Corp. v. Ricciuti, supra,160 Conn. 135, which does not prevent the use of a motion to strike in this CT Page 4115 situation, but did not consider Jensen v. Nationwide Mutual Ins.Co., supra, 158 Conn. 264, which affirmed a trial court's decision to sustain a second demurrer (a motion to strike) under these circumstances. Good Humor Corp. and its progeny and Jensen
may be reconciled with People's Bank by concluding that the challenging party may file either a motion to strike or a request to revise when claiming that the amended pleading restates the allegations that were previously stricken from the original pleading.
The plaintiffs acknowledge that the claims in counts 2, 5 and 6 were stricken by the court in its November 6, 1997 ruling, but assert that the stricken counts have been inserted without change in the third amended complaint solely for the purpose of preserving appellate rights as to these counts, not for the purposes of amending or repleading them. Therefore, the plaintiffs argue, the counts should not be deleted.
The court initially agreed with the plaintiffs that they should not be required to replead or delete these counts because while the plaintiffs have noted the decision of this court sustaining the defendant's demurrer, they did not wish to waive their right to appeal by repleading or deleting the struck counts. However, the defendant has now asked for reargument and asserts that as to those counts 2, 5 and 6 in which plaintiffs filed no new amended pleading by way of repleading but merely repled the same previously struck allegations without change, the right to appeal has been lost when the plaintiffs did not timely move for judgment to enter against themselves on those counts as to which they did not replead and as to which the court has sustained the motion to strike.
Analysis of the pertinent authority reveals that the defendant is correct in his contention that the plaintiffs' objections to the request to revise counts numbered 2, 5 and 6 by deleting them should have been overruled.
Before and after repleading, utilizing the same language, count 2 alleges loss of filial consortium; count 5 alleges wrongful death based on negligence in altering floor plans of the residence without obtaining proper permits; count 6 alleges wrongful death based on negligence in failing to obtain a certificate of occupancy for the third floor residence.
The plaintiffs argue that the reproduction of counts 2, 6 and 7 of the second revised amended complaint which preceded the CT Page 4116 present complaint in counts 2, 5 and 6 of the third amended complaint was solely to preserve their right to appeal the judgment of the court granting the defendant's motion to strike these counts. The plaintiffs argue that they were in a "catch-22" situation because since they wanted to replead the complaint within certain counts, they were required to do so within the fifteen-day period required by Practice Book § 157,[2] or else lose the opportunity; but by simply repleading, they would have given up their right to appeal because of the rule in Royce v.Westport, supra, and its progeny, that the filing of an amended pleading operates as a withdrawal of the original pleading and operates as a waiver of the right to claim error in granting the motion to strike the original counts.
At first blush, it seemed to the court counterintuitive for the defendant to argue that the plaintiffs should have sought judgment against themselves on the court's ruling to grant the defendant's motion to strike as to those counts it did not intend to amend by a new pleading as a first step to preserving their appellate rights. However, upon review this practice appears to be both commonly accepted and contemplated by the pertinent appellate authority. For example, in Zamstein v. Marvasti,240 Conn. 549, 692 A.2d 781 (1997), the plaintiff's amended complaint was partially stricken, including a portion of one count which alleged loss of filial consortium. The plaintiff filed a notice of intent to appeal, pursuant to Practice Book § 4002, and submitted additional revised complaints which retained the viable claims from the original pleading. The plaintiff moved the trial court for judgment against himself on the stricken counts of the original pleading so that he could appeal the trial court's ruling. See id., 552-53. The plaintiff represented to the court that he would withdraw the two viable remaining counts of his fifth amended complaint within twenty days of the court's granting of judgment in order to circumvent the requirement of Practice Book § 4002C that the trial court make a written determination of appealability and that the chief justice or chief judge of the court having appellate jurisdiction concur. See Practice Book §§ 4002A-C.[3] The trial court rendered judgment for the defendant on the stricken counts and ordered the plaintiff to withdraw the remaining counts. The court addressed the question of whether the plaintiff had in fact appealed from a final judgment under Practice Book § 4002A since he did not withdraw his viable claims until after filing the appeal.[4] The court found that it did constitute an appealable final judgment, and proceeded to examine the propriety of the trial court's CT Page 4117 motion to strike the counts of the original pleading. SeeZamstein v. Marvasti, supra, 240 Conn. 556-67.
In P L Properties, Inc. v. Schnip Development Corp.,supra, the defendant moved to strike two counts of the plaintiff's five count revised amended complaint, and the trial court granted the motion. The plaintiff then filed a second amended complaint, realleging one count that was "essentially the same pleading" as one of the stricken counts in the original pleading. The trial court granted a motion to strike that count. The plaintiff then moved for judgment against itself on the stricken count pursuant to Practice Book § 4002(b), the predecessor of Practice Book § 4002C, in order to appeal the trial court's second ruling. See P L Properties, Inc. v.Schnip Development Corp., supra, 35 Conn. App. 47-48. It is interesting to note that the court recognized that because the plaintiff filed its second amended complaint, it was unable to challenge the trial court's first ruling — however, "[t]he plaintiff could have tested the legal sufficiency of its allegations to support a cause of action after the first motion to strike was granted by moving for judgment on the [originally stricken] counts and then appealing from the judgment rendered against it. See Practice Book § 4002(b)." P L Properties,Inc. v. Schnip Development Corp., supra, 35 Conn. App. 49 n. 6.
In Doe v. Marselle, 38 Conn. App. 360, 362, 660 A.2d 871
(1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835
(1996), the plaintiff moved for judgment in the defendant's favor on the trial court's sustaining of the defendant's "objection" to an amended complaint. The trial court treated the "objection" as a motion to strike or a request to revise. The trial court granted the "objection" on the basis that the amended complaint did not cure defects in the prior complaint which was previously stricken by the court. See id.
Practice Book § 4002C, governing appeal of judgment on fewer than all claims of a complaint that does not dispose of all the claims brought by one party, provides in pertinent part that "[a] party entitled to appeal under this section may appeal regardlessof which party moved for the judgment to be made final."
(Emphasis added.) Practice Book § 4002C(a). This language appears to contemplate that there will be occasions where a party will want to move for judgment against itself in order to preserve its right to appeal under this section. Upon reargument the court concurs that its original ruling should be changed CT Page 4118 because the cases and Practice Book language demonstrate that it may often be proper for a plaintiff who wishes to preserve appellate rights to move for judgment in favor of the defendant, against itself, on an order of the court to strike certain counts of the complaint.
In McQueeney v. Fithian, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 358663 (March 6, 1991, Maloney, J.), the plaintiffs filed a multi-count complaint against the defendants alleging negligence in rendering mental health services to the plaintiffs' children, and the defendants moved to strike several counts. The court granted the motion to strike, on the basis that the defendants were not liable to third parties for negligence in professional treatment rendered to the children. The plaintiffs filed a substituted complaint, to which the defendants objected (the court treated this objection as a request to revise) on the basis that the plaintiffs did not delete the stricken counts. Rather, the plaintiffs replaced the allegations of each of the counts "with a statement to the effect that they are preserving their rights to appeal the court's decision on the motion to strike." See id. The court determined that the procedure was "plainly incorrect," directed the plaintiffs to follow the procedures set out in Practice Book § 4002 and ordered the plaintiffs to revise the substituted complaint by deleting the counts in question.
Upon reflection on reargument, the court finds that there exists no rule that prohibits a plaintiff from repleading or amending some counts of a multicount complaint while concurrently filing notice of intent to appeal the court's striking of other counts of the complaint along with a motion for judgment in favor of the defendant as to those counts in order to seek appeal pursuant to Practice Book § 4002C. The fifteen-day time limitation of Practice Book § 157 and the rule of Royce v.Westport do not operate to place the plaintiff in a "catch-22" because this procedure properly preserves a plaintiff's right to appeal certain struck counts of a multicount complaint while simultaneously repleading or amending other struck counts of the complaint. The filing of the amended complaint does not render moot an appeal properly preserved in this fashion. Therefore, the court concludes that its prior ruling to sustain the plaintiffs' objection to the defendant's requests to revise counts numbered 2, 5 and 6 through deletion was incorrect, and the objection is overruled CT Page 4119
 B.
With regard to paragraph 6b of the first count of the third amended complaint, the defendant requests that the court order deletion of language of the paragraph relating to negligence for failure to warn of a lack of certificate of occupancy, because in its November 6, 1997 ruling the court ordered such a claim stricken. In his supplemental memorandum in support of his request to revise, the defendant only addresses this portion of his request to revise briefly, stating that he requests the court to order the paragraph revised into its own count so that he may move to strike it or, in the alternative, he moves for permission to strike the paragraph.
The plaintiffs argue that the allegations pled in paragraph 6b of count one properly contain allegations of negligence relating to a failure to warn, and if the defendant wishes to challenge the sufficiency of the allegations, it is properly done by a motion to strike, not a request to revise. The court agrees.
"The request to revise is a [request] for an order directing the opposing party to revise his pleading in the manner specified . . . Although the request to revise may not ordinarily be used to substantively challenge a pleading, it may be used to delete otherwise improper allegations from a complaint . . . The motion to strike, on the other hand, challenges the legal sufficiency of the pleading by testing whether the complaint states a cause of action on which relief can be granted." (Citations omitted; internal quotation marks omitted.) P L Properties, Inc. v. Schnip Development Corp.,supra, 35 Conn. App. 50.
In its November 6, 1997 decision to strike count seven of the second revised amended complaint, the court ruled that simply because a person fails to obtain a certificate of occupancy does not mean that she is strictly liable or liable on a per se basis for injuries to someone occupying the premises. The court did not address whether a negligence theory based on a failure to warn the plaintiffs of the lack of occupancy certificate was a viable cause of action. Therefore, a request to revise paragraph 6b of count one is an inappropriate procedural tool.
For the foregoing reasons, the court's ruling sustaining the plaintiffs' objection to the defendant's request to revise, request number one, was correct. Therefore, that ruling stands. CT Page 4120
 C.
Finally, the defendant requests that the plaintiffs revise the fourth count of the third amended complaint, by deleting paragraphs 1 through 7, because they "are repetitive of paragraphs 1 through 7 of count one which states a wrongful death claim . . . and are completely irrelevant to this CUTPA claim. In his supplemental memorandum in support of his request to revise, the defendant argues that his request to revise the fourth count of the third amended complaint was appropriate, and that the court should overrule the plaintiffs' objection because the plaintiffs have merely repled their original CUTPA count.
The plaintiffs argue in their objections that paragraphs 1 through 7 are relevant to a CUTPA action and therefore should not be deleted. In their supplemental memorandum in support of their objections the plaintiffs argue that they have sufficiently repled count 4, alleging a violation of CUTPA, in response to the court's determination that the original count lacked certain necessary allegations, and if the defendant wishes to challenge this count of the third amended complaint, the proper method to do so is through a motion to strike, not a request to revise.
In its November 6, 1997 ruling, the court determined that the plaintiffs' CUTPA count in its second revised amended complaint was insufficient because it failed to allege that the plaintiff was engaged in a trade or commerce and lacked averment that the allegation of the one incident complained about was an instance of a particular practice. Although the paragraphs of the CUTPA count sought to be deleted by the defendant do not attempt to cure the deficiencies recognized in the court's decision, it cannot be said that the paragraphs are irrelevant to the CUTPA cause of action. The plaintiffs' objection to the defendant's request to revise, number three, is sustained.
So ordered.
FLYNN, J.