[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This court earlier decided that the count alleging a claim under §31-72 of the General Statutes be stricken as it did not make a claim for "wages" and the bonus as described in the complaint did not qualify as "wages" under the statute, § 31-71.
The plaintiff filed a new second count under § 31-72 and the defendant has filed a request to revise asking that the second count be deleted and also directed at specific paragraphs of the new second count. Since the court concludes the new count should be deleted, it will CT Page 1416 not address the specific objections to specific paragraphs of that count. A request to revise (formerly a motion to expunge) ordinarily cannot be used to test substantial rights but "such a motion is proper to attack an amended complaint after a demurrer has been sustained where the allegations of such complaint appear to be the same in substance as [those of] the one which was stricken." Good Humor Corp. v. Ricciuti,160 Conn. 133, 137 (1970).
Here, at least to the court, the new second count suffers from the same defect as the count which was stricken. Paragraph 20 states in part that Attorney Reardon represented that "bonuses . . . were to be basedprimarily upon (1) each attorney's performance in the calendar year including that attorney's fee generation and the quality of that attorney's work; and (2) the length of each attorney's association with the firm." (Emphasis added by the court.) Paragraph 21 goes on to state that Attorney Reardon "represented that the firm's overall success would also play a role in bonuses. . . ." (Emphasis added.) This language, especially the underlined language "does not describe a bonus that accrued as a result of the plaintiff's personal efforts alone; in simplest terms it was not as the statute requires `compensation for labor or services rendered' by this plaintiff employee of the firm," page 6 of earlier decision. In other words, even with the allegations of the new count, it is apparent that the amount of the bonus did not depend on the efforts of the plaintiff alone — "primarily" will not do under the court's previous analysis and "overall success" of the firm does not speak to success by this individual plaintiff.
Paragraph 22 alleges the plaintiff received substantial bonuses after each year of his employment "because of his performance during those years." Paragraph 32 states the plaintiff would not have resigned without assurances that he would receive the bonus "he had earned." Paragraph 22, however, does not, as it must, allege that the amount of the bonus, apart from whether he received one, depended on the plaintiff's efforts alone. Paragraph 32 is merely conclusory and contradicts the implications of paragraphs 20 and 21 from which an explicit inference can be drawn that any bonus does not reflect solely the personal efforts of the plaintiff.
Also, even if paragraphs 22 and 32 can be interpreted as making an appropriate claim for wages under § 31-72, the claim is not fact based, it is conclusory, and contradicts the allegations of paragraphs 20 and 21. Under Practice Book § 10-1, the court can, on its own, order that pleadings be framed so as to clearly set forth the issues in dispute which in this case would mean that they conform to the position taken by the court in its earlier decision. The present count does not do so, therefore, the court deletes it and instructs the plaintiff to prepare a CT Page 1417 new count, if it so desires, in conformity with the court's earlier decision wherein it defined "bonus" under the applicable statute, §31-72.
Corradino, J.