## P AND L PROPERTIES, INC. *v.* SCHNIP DEVELOPMENT CORPORATION ET AL.
### (12439)

DUPONT, C. J., and LANDAU and SPEAR, Js.

Argued March 24—decision released June 3, 1994

*Kenneth A. Votre,* for the appellant (plaintiff).

*Thomas W. Witherington,* with whom, on the brief, was *Jill Hartley,* for the appellees (defendants).

DUPONT, C. J. The plaintiff appeals from the judgment that followed the trial court's granting of the defendants' motion to strike the fourth count of the plaintiff's second amended complaint. Prior to the judgment that is the subject of this appeal, an earlier motion to strike had been directed at a revised amended complaint.

In March, 1991, the plaintiff commenced an action against one defendant, Schnip Development Corporation (Schnip), based on an alleged breach of contract for the sale of real property. The plaintiff contends that in August, 1989, the plaintiff and Schnip entered into a purchase and sale agreement in which the plaintiff agreed to sell and Schnip agreed to buy certain property located in New Haven. According to the plaintiff, Schnip breached the contract by failing to tender the purchase price on the closing date of February 1, 1991.

In August, 1991, the plaintiff filed a revised amended complaint that named four additional defendants, referred to as the limited partnership defendants.[1] The revised amended complaint added a fourth count, alleging fraudulent conveyance, and a fifth count, alleging a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., against both Schnip and the limited partnership defendants. In the fourth count, the plaintiff alleged the following facts. In September, 1989, Schnip and the city of New Haven entered into a development agreement. Under the agreement, Schnip agreed to redevelop an area within New Haven. Subsequently, the New Haven board of aldermen approved a land disposition agreement under which the city agreed to convey certain property to Schnip for redevelopment. In October, 1989, Schnip assigned and transferred its rights and obligations arising from the development agreement and the land disposition agreement with respect to certain property to the limited partnership defendants. The plaintiff claimed that Schnip's assignment of its rights under the agreements was fraudulent because the assignment deprived Schnip of sufficient property to satisfy its obligations to the plaintiff.[2]

---

[1] Lee Parcel 1 Associates Limited Partnership, Lee Parcel 2 Associates Limited Partnership, Lee Parcel 6 Associates Limited Partnership, and Lee Parcel 6A Associates Limited Partnership are the additional defendants.

[2] We need not discuss the allegations of the fifth count. See footnote 4 and accompanying text.

On October 10, 1991, the defendants[3] moved to strike the fourth and fifth counts of the plaintiff's revised amended complaint on the ground that the counts failed to state claims on which relief could be granted. The trial court granted the motion on November 9, 1992, finding that the factual allegations of the fourth and fifth counts failed to establish causes of action for fraudulent conveyance and unfair trade practice, respectively. The plaintiff then filed a second amended complaint on November 20, 1992, alleging a fraudulent conveyance claim in the fourth count.[4] On December 12, 1992, the defendants moved to strike the fourth count of the second amended complaint on the ground that its factual allegations were the same as those made in the revised amended complaint. On February 9, 1993, the trial court granted the motion because the fourth count was "essentially the same pleading" as the stricken fourth count of the revised amended complaint.

On February 26, 1993, the plaintiff moved for judgment on the fourth count of the second amended complaint pursuant to Practice Book § 4002 (b). On April 20, 1993, the trial court granted the motion and rendered judgment on the fourth count in favor of the defendants.[5] The plaintiff appealed from this judgment on May 7, 1993.

---

[3] The term defendants refers to both Schnip and the limited partnership defendants.

[4] The fifth count of the revised amended complaint is not a subject of this appeal because the plaintiff did not replead it nor did the plaintiff obtain a judgment as to the fifth count after the trial court granted the defendants' motion to strike. See Practice Book § 4002.

[5] Practice Book § 4002 (b) provides in pertinent part: "When fewer than all of the counts of a complaint . . . have been stricken, the trial court may, upon motion pursuant to this subsection, render judgment upon such stricken counts if (1) such counts are directed against a party against whom no relief is sought in the remaining counts of such pleading . . . ." In this case, no relief is sought against the limited partnership defendants in the remaining counts of the second amended complaint. Although the

After a trial court has sustained a motion to strike a complaint or a portion of the complaint, the plaintiff has two options. "He may amend his pleading, or he may stand on his original pleading, allow judgment to be rendered against him, and appeal the sustaining of the [motion to strike]. . . . The choices are mutually exclusive. The filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading. . . . When a [motion to strike] is sustained and the pleading to which it was directed is amended, that amendment acts to remove the original pleading and the [motion to strike] thereto from the case. The filing of the amended pleading is a withdrawal of the original pleading." (Citations omitted; internal quotation marks omitted.) *Royce* v. *Westport,* 183 Conn. 177, 178–79, 439 A.2d 298 (1981); *Good Humor Corp.* v. *Ricciuti,* 160 Conn. 133, 135–36, 273 A.2d 886 (1970). "The choice is left to the plaintiff, but once he files an amended pleading the ruling on the [motion to strike] ceases to be an issue. The rule is a sound one, as it serves to prevent the prolongation of litigation." *Good Humor Corp.* v. *Ricciuti,* supra, 136.

In this case, the plaintiff chose the first option by filing its second amended complaint after the trial court sustained the motion to strike the fourth and fifth counts of the revised amended complaint.[6] By filing the second amended complaint, the revised amended complaint was removed from the case, and the plaintiff

defendant Schnip is a party against whom relief is sought in the remaining counts of the pleading, we conclude that the judgment against all of the defendants, following the motion to strike the fourth count as to all of the defendants, is an appealable final judgment. See Practice Book § 4002 (a); *Zeller* v. *Mark,* 14 Conn. App. 651, 652 n.2, 542 A.2d 752 (1988).

[6] The plaintiff could have tested the legal sufficiency of its allegations to support a cause of action after the first motion to strike was granted by moving for judgment on the fourth and fifth counts and then appealing from the judgment rendered against it. See Practice Book § 4002 (b).

waived the right to claim that the trial court improperly sustained the motion to strike the fourth count of the revised amended complaint. The plaintiff, however, does not claim that the trial court improperly sustained the motion to strike the fourth count of the revised amended complaint but, rather, contends that the trial court improperly sustained the second motion to strike the fourth count of the second amended complaint.

When the allegations of an amended complaint appear to be the same in substance as those of an earlier complaint that was stricken, the defendant may challenge the amended complaint by filing a request to revise; *Royce* v. *Westport,* supra, 183 Conn. 180–81; or a second motion to strike. See *Jensen* v. *Nationwide Mutual Ins. Co.,* 158 Conn. 251, 263–64, 259 A.2d 598 (1969). "The request to revise is a [request] for an order directing the opposing party to revise his pleading in the manner specified." *Royce* v. *Westport,* supra, 180. Although the request to revise may not ordinarily be used to substantively challenge a pleading, it may be used to delete " 'otherwise improper allegations' " from a complaint. Id. The motion to strike, on the other hand, challenges the legal sufficiency of the pleading by testing whether the complaint states a cause of action on which relief can be granted. *Amore* v. *Frankel,* 228 Conn. 358, 372, 636 A.2d 786 (1994).

Although the pleadings generally serve different functions, either may be used when the amended complaint merely restates the original cause of action that was previously stricken. See *Royce* v. *Westport,* supra, 183 Conn. 180; *Good Humor Corp.* v. *Ricciuti,* supra, 160 Conn. 135; *Jensen* v. *Nationwide Mutual Ins. Co.,* supra, 158 Conn. 264. If the plaintiff here has in fact merely restated the original cause of action, the defendant would prevail on either pleading.[7] In this case, the

---

[7] We note that our Supreme Court indicated in a footnote in *People's Bank* v. *Horesco,* 205 Conn. 319, 321–22 n.5, 533 A.2d 850 (1987), that when the

allegations of the second amended complaint are essentially the same as those of the revised amended complaint. The plaintiff has failed to change its allegations or to provide different facts in its amendment. Since the second amended complaint merely reiterated claims previously disposed of by the trial court, the motion to strike the second amended complaint was properly sustained.

The judgment is affirmed.

In this opinion the other judges concurred.

amended pleading contains substantially the same allegations as those stricken from the original pleading, the challenging party should file a request to revise, not a second motion to strike. The discussion in the footnote relied on *Good Humor Corp.* v. *Ricciuti,* supra, 160 Conn. 135, which does not prevent the use of a motion to strike in this situation, but did not consider *Jensen* v. *Nationwide Mutual Ins. Co.,* supra, 158 Conn. 264, which affirmed a trial court's decision to sustain a second demurrer (a motion to strike) under these circumstances. Thus, *Good Humor Corp.* and its progeny and *Jensen* may be reconciled with *People's Bank* by concluding that the challenging party may file either a motion to strike or a request to revise when claiming that the amended pleading restates the allegations that were previously stricken from the original pleading.