[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (No. 107)
A. FACTS:
In May 1982, April 1985 and November 1985, Meadow Haven, Inc. (MHI) filed applications with the Town of Berlin Planning Commission, for the approval of subdivision plats in Berlin. (Complaint ¶¶ 5 of Counts First, Second, Third). MHI is the principal of the three subdivision bonds which are at issue in this case. (Complaint ¶¶ 8 of Counts First, Second, Third). CIGNA is the surety of two subdivision bonds and the Town of Berlin is the obligee (Complaint ¶¶ 8 of Counts First and Second). INA is the surety of the remaining subdivision bond and the Town of Berlin is the obligee. (Complaint ¶ 8 of Count Three). The bonds were payable to the Town of Berlin in the event the principal, MHI, failed to complete the improvements to the plats. (Complaint ¶¶ 8 of Counts First, Second, Third). On or about, September 20, 1994, the plaintiff notified the defendant, CIGNA, that MHI had failed to complete performance of its obligation and demanded payment on the bond, payments have not been made to date. (Complaint ¶¶ 13-14 First Count). On or about, July 22, 1994, the plaintiff notified the defendant, CIGNA, that MHI had failed to complete performance of its obligation and demanded payment on the bond, payments have not been made to date. (Complaint ¶¶ 13-14 Second Count). On or about, July 22, 1994, the plaintiff notified the defendant, INA, that MHI had failed to complete performance of its obligation and demanded payment on the bond, payments have not been made to date. (Complaint ¶¶ 13-14 Third Count).
On April 19, 1995, the plaintiff, Town of Berlin, filed a complaint against the defendants, Insurance Company of North America (INA) and CIGNA Property and Casualty Insurance Company (CIGNA) for payment on the subdivision bond claims. The CT Page 13003 defendants filed a motion to strike (#101) plaintiff's entire complaint. On July 24, 1995, Judge Stengel granted the motion to strike as to the plaintiff's fourth count sounding in CUTPA and denied the motion as to the first three counts. On August 7, 1995, the plaintiff filed an amended complaint. On August 30, 1995, the defendants filed answers and special defenses to the amended complaint. On September 6, 1995, the defendant filed the instant motion for summary judgment (#107). On October 6, 1995, the plaintiff filed its motion in opposition and memorandum in support of its opposition to the defendants' motion for summary judgment and on October 10, 1995, the motion was argued.
B. DISCUSSION:
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Gambardella v. Kaoud, 38 Conn. App. 355, 358 ___ A.2d ___ (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986); 2830 Whitney Ave. v. HeritageCan. Dev. Assoc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994).
In determining whether a material fact exists, the burden is on the movant to prove no material facts exists. "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994); Miller v. United TechnologiesCorp., 233 Conn. 732, 752-53, ___ A.2d ___ (1995); Gambardella v. Kaoud,
supra 38 Conn. App. 358.
The defendant's memorandum in support of its motion for summary judgment states three grounds, (1) "The Amended Complaint fails to state any cause of action" [the plaintiff failed to properly plead under Practice Book §§ 108, 131 and 157], (2) "the Fourth Count fails procedurally and as a matter of law", and (3) "the First, Second and Third Counts are barred by the statute CT Page 13004 of limitations."
The court need not reach the merits of this motion for summary judgment because the defendant is improperly attempting to use the motion for summary judgment as a motion to strike. The purpose of the motion for summary judgment is to determine whether "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Gambardella v. Kaoud, supra 38 Conn. App. 358. The purpose of a motion to strike is to "challenges the legal sufficiency of the pleading by testing whether the complaint states a cause of action on which relief can be granted." P L Properties, Inc. v.Schnip Development Corp., 35 Conn. App. 46, 50, 643 A.2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155 (1994). Taking the language of the defendant's own motion, "The Amended Complaint fails to state any cause of action" . . . "the Fourth Count fails procedurally and as a matter of law", and "the First, Second and Third Counts are barred by the statute of limitations" are challenges to the sufficiency of the plaintiff to state a cause of action.
The defendant relies on Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 408-409, 279 A.2d 540 (1971) for the proposition that a motion for summary judgment may be used to test the legal sufficiency of the complaint. This statement is no longer the controlling view in Connecticut. In Burke v. Avitabile,32 Conn. App. 765, 630 A.2d 624 (1993) the appellate court examinedBoucher and stated:
 "[Boucher] . . . seems to indicate that a motion for summary judgment can be used to test the legal sufficiency of the complaint prior to judgment. While recognizing Boucher, the fact that it was decided in 1971 and has not been cited for that proposition to this date, leads us to the conclusion that it is anomalous."
Id., 772 n. 9.
The current state of the law is reflected in the aforementioned case of Gambardella v. Kaoud, supra38 Conn. App. 358., and its progeny, which hold the purpose of a motion for summary judgment is to determine whether "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. CT Page 13005
The plaintiff argues in its memorandum in opposition to the motion for summary judgment that, since the defendant has previously filed an answer to the plaintiff's amended complaint, the defendant may not now file a motion to strike. This is an accurate statement of Practice Book §§ 112-113. In the opinion of this court the defendant is using this motion for summary judgment in effect as a motion to strike, and as such, the motion for summary judgment should be denied.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the defendant's motion for summary judgment, ought to be and is hereby denied.
It is so ordered,
ARENA, J.