[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF DAVID CHIN'S "OBJECTION TOREQUESTS TO REVISE" (DATED NOVEMBER 9, 1995) TO DEFENDANT PAULE. POZZI'S REQUEST TO REVISE" (DATED OCTOBER 13, 1995)
On July 25, 1995, the court granted the defendant Paul Pozzi's "Request for Leave to file Amended Answer, Defenses and Counterclaims to Plaintiff's Eighth Amended Complaint" which request for leave to amend was dated June 6, 1995. On September 13, 1995, the plaintiff Chin filed his "Reply and Answer to Amend CT Page 14304 Special Defenses and Counterclaims of Paul E. Pozzi, Dated June 6, 1995" (hereafter "Chin's reply and answer"). On October 13, 1995, the defendant Pozzi filed his "Request to Revise" (hereafter "Pozzi's request to Revise") dated October 13, 1995 which is directed to Chin's reply and answer of June 6, 1995. Thereafter, Chin filed his "Objection To Requests To Revise (hereafter "Chin's Objection") on November 9, 1995. The court held a hearing on Chin's objection to Pozzi's request to revise prior to which counsel had filed memoranda of law.
Pozzi's request to revise contain nineteen separate requests to revise and invokes Practice Book §§ 147 et seq. Each of the requested revisions set forth the portion of the pleading sought to be revised, the requested revision, the reasons therefor and a space after each in which to insert the objections and the reasons for the objections. See Practice Book § 148. Chin's objection, as filed, which is directed to "Requests 1-18[1]
makes the same objection to each one and it is: "The Defendant Pozzi's Request to Revise improperly requests that allegations be deleted from the Amended Answer as an unsupported legal conclusion in which is more properly the purpose of a Motion to Strike". At the oral argument it appeared that Chin claimed that Pozzi's motion to revise was essentially a motion to strike. Excluding request #19 which we dispose of separately below and request #18 with which Chin's counsel agreed at the hearing he would comply, no one of the requests to revise #1 through #17 could be considered a motion to strike. That is because a motion to strike, see Practice Book § 152 et seq, must be directed to those claimed defects specifically set out in § 152, none of which include an allegation of a portion of a pleading. Chin "legal conclusions" conern [concern] only individual clauses and/or sentences and not matters set out in § 152 as a basis for a motion to strike. Here requests #1 through #18 are directed not to a pleading but only a portion of a pleading.
During the oral argument counsel addressed the motion to revise by dividing it into two categories, i.e. those revisions requested in requests #1 through 17[2] and request #19. We shall do likewise. Pozzi laid stress on Practice Book §§ 147 et seq and 172. Particularly, did he invoke § 147(2) which concerns the deletion by such a request of ". . . any unnecessary, repetitions, . . . immaterial or other where improper allegations is an adverse party's pleadings . . .". Practice Book § 172 is entitled "Subsequent Pleadings-Matter in avoidance of Answers" and it provides: "Matter in avoidance of CT Page 14305 affirmative allegations in an answer or counterclaim shall be specially pleaded in the reply. Such a reply may contain one or more distinct avoidances of the same defense or counterclaim, but they must be separately stated." Pozzi claims that requests #1 through 17 must be revised under § 147. He points to § 172 and argues that that each of these requests are directed to language requiring revision because each allege "matters of avoidance" and must be specially pleaded under § 172. In doing so, he acknowledges that if, as he claims, they are determined to be "matters in avoidance" that Chin has the right to plead them but in an appropriate manner. Chin, on the other hand argues that the request to revise may not be used to make him take things out of his pleadings and likewise, may not be used to affect substantive rights. He also maintains that he has not violated § 172.
"The request to revise is a [request] for an order directing the opposing party to revise his pleading in the manner specified." Royce v. Westport, 183 Conn. 177, 180 (1981). Although the request to revise may not ordinarily be used to substantively challenge a pleading, it may be used to delete "`otherwise improper allegations'" from a complaint. Id. The motion to strike, on the other hand, challenges the legal sufficiency of the pleading by testing whether the complaint states a cause of action on which relief can be, granted. Amore v. Frankel, 228 Conn. 358, 372, 636 A.2d 786 (1994)." P LProperties, Inc. v. Schmit Development Co., 35 Conn. App. 46, 50
(1994).
"As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164; Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992). The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is under way. Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 6, 327 A.2d 583
(1973); DuBose v. Carabetta, 161 Conn. 254, 261, 287 A.2d 357
(1971). Whether facts must be specially pleaded depends on the nature of those facts in relation to the contested issues. See Pawlinski v. Allstate Ins. Co., supra, 6-7; DuBose v. Carabetta, supra, 259-61." Bennett v. Automobile Ins Co. of Hartford,230 Conn. 795, 802 (1994); Chapman v. Norfolk Dedham Mutual FireIns. Co., 39 Conn. App. 306, 332 (1995). Our rules provide for CT Page 14306 the separate pleading of matters in avoidance. Practice Book § 172, 173. One commentator has noted that "If the plaintiff's reply introduced affirmative matter, the common law required further pleadings until issue joined. This seems to be contemplated by one rule in the Practice Book but another rule requires leave of the court to file pleadings subsequent to the reply. Such permission should be sought whenever the reply introduces affirmative matter . . ." 1 Connecticut Civil Procedure (2d ed) Stevenson § 134, p. 555.
Requests #1 through #17 do allege matters in avoidance which should be specially pleaded as provided for in the rules of practice. In each instance, the language requested to be deleted make affirmative allegations. In each instance this language is improper, as well as unnecessary. It should be pleaded separately as affirmative matter in avoidance in each instance. For a case indicating generalkly [generally] such a format in Home Oil Co. v.Todd, 195 Conn. 333 (1985). Once this is done Pozzi may file his reply to the affirmative matters in avoidance properly pleaded by Chin. It bears noting that no substantive rights of Chin are extinguished or mitigated by ordering that the objections of Chin to Requests to Revise #1 through #17 are proper. Therefore, Chin's objection to them is overruled.
We turn now to Request #19 which seeks the deletion of a letter attached as Exhibit A to paragraph 2 of "Chin's Twelfth Special Defenses to Counterclaims (By Way of Setoff)." Chin claims this is proper under Practice Book § 141 which concerns the attachment of exhibits. Chin also asserts that it does not constitute the pleading of evidence. In requesting revision here Pozzi argues that Chin "is not permitted to plead his evidence or attach it to his pleading `but rather only the material facts on which he bases his claims', citing Practice Book §§ 108 and 109. The allegations in a pleading generally are to allege the ultimate facts to be established and not to allege matters of evidence that tend to establish them. SeeParker Pebbles Knox v. National Fire Ins. Co., 69 Conn. 383. The attached exhibits which is referred to in this pleading by the language "See attached Exhibit A" immediately after an allegation that upon examination of Exhibit A clearly demonstrates that it is evidence in support of that allegation. Therefore, request #19 is granted.
It is ordered that Chin's objection to Pozzi's request to revise is denied in full. It is therefore also ordered that CT Page 14307 Pozzi's request to revise is ordered to be GRANTED as to Requests #1 through #17 and also as to Request #19. Request #18 is granted by agreement of counsel. Compliance with this decision is to be made by January 15, 1995.