[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue to be decided by the court is whether a party to a lawsuit whose apportionment and indemnification complaint is struck and who does not timely replead and suffers entry of judgment on the complaint, can after entry of judgment replead by filing a new motion to serve an apportionment and indemnification complaint. The court holds he cannot and therefore sustains the defendant Ricciardi's objection to the defendant Halmer's motion to replead an amended complaint.
The plaintiff filed a complaint against the Town of Greenwich, the State of Connecticut and Halmer Associates ("Halmer") in 1994 for injuries he sustained in a slip and fall while traversing a mound of ice and snow which accumulated on the sidewalk adjoining premises owned by Halmer. Over three years later, on December 15, 1997, Halmer filed a revised apportionment and indemnification complaint against Ralph Strazza and Ricciardi Brothers ("Ricciardi") alleging that both parties had contracts Halmer for snow removal and that they breached their contracts by failing to remove the accumulation in the area where the plaintiff fell.
Ricciardi moved to strike the apportionment complaint on the grounds that (1) apportionment of liability is not permitted with respect to nondelegable duties such as that of Halmer to keep its premises reasonably safe, and (2) the revised apportionment and indemnification complaint failed to state a legally sufficient action for indemnity. Halmer did not file an objection to the motion to strike. On January 20, 1998, the Court, Corradino, J., granted Ricciardi's motion to strike.
On March 16, 1998, Ricciardi filed a motion for judgment in its favor on the Court's order to strike the apportionment and indemnification complaint, pursuant to Practice Book § 157, now Practice Book (1998 Rev.) § 10-44, on the basis that Halmer failed to file a new pleading within fifteen days of the granting of the motion to strike. On May 11, 1998, the Court,Flynn, J., granted the motion for judgment. Nine days later, on March 20, 1998, Halmer filed a motion for permission to serve an apportionment and indemnification complaint upon Ricciardi, and attached the proposed apportionment and indemnification complaint with the motion. The apportionment and indemnification complaint is nearly identical to the previous apportionment and indemnity complaint filed by Halmer which was struck by the Court.
CT Page 8138
On April 23, 1998, Ricciardi filed an objection to the motion for permission to serve on the basis that the Court already considered and struck the apportionment and indemnification complaint, and entered judgment. Therefore that ruling is the law of the case according to defendant Ricciardi who maintains that because judgment entered and the "new" apportionment and indemnity complaint contains virtually the same allegations as the prior one, it should not be permitted for the same reasons that the previous one was struck.
On May 4, 1998, Halmer filed a response to Ricciardi's objection. In its response, Halmer asserts that since Ricciardi had a duty of care to remove snow and ice from Halmer's property, the Court should permit the "new" apportionment and indemnification complaint.
After the Court has sustained a motion to strike a complaint, the pleader has two options. "`He may amend his pleading, or he may stand on his original pleading, allow judgment to be rendered against him, and appeal the sustaining of the [motion to strike]. . . . The choices are mutually exclusive.'" P LProperties, Inc. v. Schnip Development Corp., 35 Conn. App. 46,49, 643 A.2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155
(1994), quoting Royce v. Westport, 183 Conn. 177, 180,439 A.2d 298 (1981). Where a judgment is entered pursuant to Practice Book § 10-44, that judgment is "as final and complete as a judgment following a trial on the merits." Hughes v. Bemer,206 Conn. 491, 494, 538 A.2d 703 (1988).
The law of the case doctrine "expresses the practice of judges generally to refuse to reopen what has been decided. . . New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored." Breen v. Phelps,186 Conn. 86, 99, 439 A.2d 1066 (1982).
In the present matter, the Court, Flynn, J., granted the defendant Ricciardi's motion for judgment after a motion to strike where there was no timely repleading. Therefore, the Court's decision to strike the original apportionment and indemnification complaint is final and complete Defendant Halmer's remedy was appeal of that decision Halmer cannot challenge the propriety of the granting of the motion to strike by filing a virtually identical apportionment and indemnification complaint. CT Page 8139
Halmer's motion for permission to file the second apportionment and indemnification complaint is denied.
FLYNN, J.