[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #105
This case arises out of a claim for private attorney's fees submitted by the defendant, John Connelly, incurred while the defendant was seeking reappointment to the position of State's Attorney for the Judicial District of Waterbury. The defendant incurred expenses totaling approximately $15,135. The defendant filed a Notice of Claim with the claims commissioner on May 1, 1989 pursuant to General Statutes § 4-147.[1] On June 27, 1989 the claims commissioner denied the defendant's claim. On May 1, 1990 pursuant to General Statutes § 4-159, the General Assembly rejected the denial by the claims commissioner and awarded the defendant $7500.
Four years later, on May 19, 1994, the defendant filed a claim with the Division of Criminal Justice of the State of Connecticut (Criminal Justice) in order to obtain the balance of his expenses for attorney's fees. Criminal Justice awarded the defendant another $7500 on June 12, 1996. The plaintiff sought restitution of the latter $7500 because it claimed the payment was in excess of the legal authority afforded Criminal Justice under § 4-148(c).
The State of Connecticut commenced this restitution action on January 20, 1999. The defendant filed his motion to strike and supporting memorandum pursuant to Practice Book § 10-39 on May 20, 1999. The state filed two memoranda in opposition to the motion.
"A motion to strike . . . challenges the legal sufficiency of the pleading by testing whether the complaint states a cause of action on which relief can be granted." P L Properties, Inc. v.Schnip Development Corp., 35 Conn. App. 46, 50, 643 A.2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155 (1994). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." S.M.S. Textile Mills, Inc. v.Brown, Jacobson, Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). CT Page 12905
In order to state a claim for unjust enrichment the plaintiff must allege that the defendant was benefitted [benefited]; that the defendant unjustly failed to pay for the benefit; and that the failure to pay resulted in a detriment to the plaintiff. HartfordWhalers Hockey v. Uniroyal Goodrich Tire, 231 Conn. 276, 283,649 A.2d 518 (1994). "A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard. . . . Unjust enrichment is, consistent with principles of equity, a broad and flexible remedy. . . ." (Citations omitted; internal quotation marks omitted.) Meaney v. ConnecticutHospital Association, 250 Conn. 500, 511-12, ___ A.2d ___ (1999).
The plaintiff's revised complaint states that to the financial detriment of the plaintiff, under mistake of law or fact, the defendant was unjustly enriched by the second $7500 award by Criminal Justice and that the defendant failed to return the $7500 to the plaintiff. Revised Complaint, ¶ 12. The plaintiff argues that the defendant was prohibited by General Statutes § 4-148(c) from seeking monies in addition to the $7500 authorized by the General Assembly. The plaintiff argues that Criminal Justice acted under a mistake of law or fact when it awarded the additional monies. Further, the plaintiff argues that its claim for unjust enrichment is sufficiently alleged in its complaint.
The defendant argues that he was entitled to the monies because of the expenses he incurred for attorney's fees.[2] The defendant also argues that he could not have been unjustly enriched because he incurred attorney's fees in excess of $15,000.
In reviewing a motion to strike, the allegations of the complaint are to be construed in a manner favorable to the plaintiff. In the present case, the complaint alleges that the defendant received monies to which he was not entitled under General Statutes § 4-148(c).[3] The plaintiff specified that the second award of $7500 was improper under the statute and further alleged that the defendant failed to repay the $7500 and CT Page 12906 was therefore unjustly enriched to the detriment of the plaintiff. Therefore, the plaintiff's allegations are legally sufficient to allege unjust enrichment under Hartford WhalersHockey v. Uniroyal Goodrich Tire, supra, 231 Conn. 276, and the motion to strike is denied.
SANDRA VILARDI LEHENY, J.