[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#118)
This action arises out of a property dispute between the Plaintiffs, Allen and Dorothy Beals Hixon, and the Defendants, Robert and Laura Eilers, who are neighbors in the town of Simsbury, Connecticut. The Plaintiffs filed a complaint against the Defendants on September 29, 1999, which was subsequently amended under date of June 6, 2000, alleging intentional trespass (First Count), negligence (Counts Two and Three), negligent infliction of emotional distress (Count Four) and intentional CT Page 2656 infliction of emotional distress (Counts Five and Six).[1]
Specifically, the Plaintiffs allege that from approximately late spring 1997, until May 1998, the Defendants entered upon the Plaintiffs' land and cut down trees, shrubbery and plants belonging to the Plaintiffs. The Defendants now move to strike Count Four of the Plaintiffs' amended complaint on the ground that Connecticut courts do not recognize a cause of action for negligent infliction of emotional distress for property damage. The Defendants further move to strike Counts Five and Six of the Plaintiffs' amended complaint on the ground that the Plaintiffs have failed to allege any facts which give rise to the level of extreme and outrageous conduct.
As required by Practice Book § 10-42, the Plaintiffs have filed a memorandum in support of their motion to strike, and the Defendants have timely filed a memorandum in opposition. The Defendants further filed a supplemental memorandum dated February 1, 2001 in support of their motion to strike.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc.v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, supra,236 Conn. 825.
 I. Count Four
Count Four of the Plaintiffs' amended complaint alleges a claim of negligent infliction of emotional distress. The Defendants argue that Connecticut courts do not recognize a cause of action for negligent infliction of emotional distress for property damage. The Plaintiffs argue that they have sufficiently pleaded a cause of action for negligent infliction of emotional distress and further argue that the courts have allowed claims for emotional distress that do not involve physical injury to a party.
"[I]n order to state . . . a claim [for negligent infliction of CT Page 2657 emotional distress], the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v. United Technologies Corp., 243 Conn. 66, 88,700 A.2d 655 (1997). "[R]ecovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact. Nevertheless . . . the protection the law accords to `the interest in one's peace of mind' . . . must be limited so as not to open up a wide vista of litigation in the field of bad manners, where relatively minor annoyances had better be dealt with by instruments of social control other than the law." (Citation omitted; internal quotation marks omitted.) Montinieri v. Southern New EnglandTelephone Co., 175 Conn. 337, 345, 398 A.2d 1180 (1978).
In DeLeo v. Reed, Superior Court, judicial district of Stamford, Docket No. 172435 (January 3, 2000, Hickey, J.) (26 Conn.L.Rptr. 213), a factually similar case, the court clearly stated that "[n]o Connecticut cases specifically allow recovery for negligent infliction of emotional distress resulting from an injury solely to property." (Internal quotation marks omitted.) Id., 214. In that case, the Plaintiffs alleged that the Defendant hired workers to trespass on their property and cut down the fence and trees, despite knowledge of their ownership. Id. The court granted the Defendant's motion to strike the negligent infliction of emotional distress claim because the Plaintiffs failed to "allege any facts which would show that the defendant should have anticipated her conduct might result in illness or bodily injury." Id., 215.
Here, the Plaintiffs are seeking recovery for negligent infliction of emotional distress resulting solely from an injury to their property. In their amended complaint, the Plaintiffs allege that "[t]he Defendants should have realized that their actions involved an unreasonable risk of causing the Plaintiffs to suffer emotional distress." (Amended Complaint, Count Four, ¶ 6.) The Plaintiffs further allege that "such distress might result in illness or bodily harm." (Amended Complaint, Count Four, ¶ 6.) Although the Plaintiffs have alleged facts in support of their claim for negligent infliction of emotional distress, they have failed to allege facts which would show that the Defendants would have anticipated their conduct would result in illness or bodily injury. DeLeo v. Reed, supra, 26 Conn.L.Rptr. 215. While the Defendants' conduct may have in fact annoyed the Plaintiffs, the courts simply do not allow recovery for negligent infliction of emotional distress resulting from an injury solely to property. Id., 214.
As alleged, there is no basis to extend the law to allow recovery for negligent infliction of emotional distress resulting from property CT Page 2658 damage. The Plaintiffs fail to sufficiently allege a cause of action for negligent infliction of emotional distress. Accordingly, the Defendants' motion to strike Count Four of the Plaintiffs' amended complaint is granted.
 II. Counts Five and Six
Counts Five and Six purport to allege a cause of action for intentional infliction of emotional distress. The Defendants argue that the Plaintiffs have failed to allege any facts which give rise to the level of extreme and outrageous conduct to support their respective claims. The Plaintiffs argue that the conduct alleged, namely, the intentional cutting of the Plaintiffs' trees, shrubbery and plants along with the Defendants' knowledge of the Plaintiffs' interest in the land, is severe and outrageous enough to support a claim for intentional infliction of emotional distress.
"For the plaintiff to prevail on a claim of intentional infliction of emotional distress . . . [i]t must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Muniz v. Kravis, 59 Conn. App. 704, 708, 757 A.2d 1207 (2000). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 210-11,757 A.2d 1059 (2000).
"Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." Id., 210; see also Bell v. Board of Education,55 Conn. App. 400, 410, 739 A.2d 321 (1999). "Only where reasonable minds disagree does it become an issue for the jury." Appleton v. Board ofEducation, supra, 254 Conn. 210; Bell v. Board of Education, supra,55 Conn. App. 410.
In DeLeo v. Reed, supra, 26 Conn.L.Rptr. 213, the court analyzed the Plaintiffs' intentional infliction of emotional distress claim arising out of their property damage claim. As previously stated, in that case, the Plaintiffs alleged that the Defendant, with knowledge of their ownership, hired workers to trespass on their property and cut down the fence and trees. Id., 214. The Plaintiffs further alleged that the CT Page 2659 Defendant authorized the removal even though she was aware of the Plaintiffs' love and attachment to the trees. Id. The court held that these allegations "do not rise to the level of outrageous conduct, or exceed all bounds usually tolerated by a decent society." Id.
In this action, the Plaintiffs allege that the Defendants unlawfully entered upon their land and cut down or destroyed a large number of shrubbery and plants. The Plaintiffs further allege that the Defendants were aware that the Plaintiff, Allen Hixon, was a landscape architect and that the Plaintiffs had invested time, energy and expense into creating the landscape. The Plaintiffs further allege that the Defendants knew their actions were likely to cause the Plaintiffs to suffer emotional distress and that the Defendants' actions were extreme and outrageous in light of the circumstances and the knowledge possessed by the Defendants. The conduct alleged by the Plaintiffs, however, is not so extreme and outrageous to form the basis for a claim premised upon intentional infliction of emotional distress. Appleton v. Board ofEducation, 254 Conn. 210-11.
The Plaintiffs fail to sufficiently allege a cause of action for intentional infliction of emotional distress. Accordingly, the Defendants' motion to strike Counts Five and Six of the Plaintiffs' amended complaint is granted.
 CONCLUSION
For the foregoing reasons, the Defendants' motion to strike Counts Four, Five and Six of the Plaintiffs' amended complaint is granted.
David L. Fineberg Superior Court Judge