[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #116
On June 8, 2001 the plaintiff, Suzette Caulkins, filed an amended complaint against the defendants, Garrett Meade (Meade), Country Side Landscape (Country Side), police officers Vincent Dibernardino and Lieutenant King, both employees of the Danbury police department, and the city of Danbury.[1] The plaintiff alleges the following facts in her complaint. On or about December 9, 1999, the plaintiff made an oral agreement with Meade. Pursuant to the agreement, Meade would take possession of a car belonging to her as security for damage to Mrs. Meade's car allegedly caused by the plaintiffs boyfriend. The agreement was to expire at 5:00 PM the following day. The plaintiff left her car in the possession of Meade. The plaintiff alleges that Meade agreed to return the car once she had provided Meade with her insurance information. Meade, however, refused to return the plaintiffs car and locked the car inside a fenced area at his place of business, Country Side, which he owned.
The plaintiff contacted the Danbury police department on December 12, 1999, requesting assistance in retrieving her car from Meade. She spoke with officers Dibernardino, King and other officers at the police department. During the plaintiffs interview at the Danbury police station, Meade called the station and stated that the plaintiffs car was outside the fenced enclosure. When the plaintiff, escorted by police officers, went to retrieve her automobile at Country Side, she found that her car had been severely damaged. The damages included broken windows and deep scratch marks eve here on the car.
The amended complaint contains six counts. Count one alleges that Meade or the employees of Country Side intentionally and maliciously caused damage to the plaintiffs car. Count two asserts a claim of intentional infliction of emotional distress against Meade based on the CT Page 14846 allegations in count one that the defendant or his employees intentionally damaged her car. Count three states a claim of negligence against Meade and Country Side, alleging that Meade or the employees of Country Side were negligent in leaving the plaintiffs car in an unprotected parking lot next to Country Side, resulting in damages to the vehicle. Count four asserts a claim of negligence against police officers Dibernardino and King for not taking adequate steps to help the plaintiff retrieve her car, resulting in damages to the car. Count five states a claim of negligent supervision against the Danbury police department for negligently supervising officers Dibernardino and King. Count six asserts a claim of liability against the city of Danbury for the negligence of officers Dibernardino and King and other city employees.
On February 26, 2001, Meade and Country Side filed a motion to strike (#113) as to counts two (intentional infliction of emotional distress), and three (negligence) and prayers for relief for punitive damages and costs and attorney's fees in the previous complaint (the "second revised" complaint).[2] With regard to count two, the defendants argued that it was legally insufficient for two reasons: first, it failed to plead the necessary elements of intentional infliction of emotional distress; and second, the conduct complained of was not "extreme and outrageous" as a matter of law and, therefore, could not be the basis for the claim of intentional infliction of emotional distress. On May 28, 2001., the court, Carroll, J., issued a bench order granting the motion to strike count two sounding in intentional infliction of emotional distress and prayers for relief for punitive damages, cost and attorney's fees.
On June 19, 2001, Meade and Country Side (defendants) filed the present motion to strike (#116) count two of this amended complaint, arguing that because the plaintiff has not alleged any new facts to the previously stricken claim of intentional infliction of emotional distress, it should be stricken again.[3] The parties have timely filed their memorandum in support and opposition.
"[A] motion to strike challenges the legal sufficiency of a pleading. . . ." Gazo v. Stamford 255 Conn. 245, 260,765 A.2d 505 (2001). "[I]f the facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." Id. "[The court takes] the facts to be those alleged in complaint that has been stricken and [construes] the complaint in the manner favorable to sustaining its legal sufficiency." Id.
"A motion to strike admits all facts well pleaded; it does not admitlegal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588., 693 A.2d 293
CT Page 14847 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novamedrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
The court grants the defendants' renewed motion to strike on both procedural and substantive grounds. First, the court should grant the renewed motion to strike "when the amended complaint merely restates the original cause of action previously stricken." PL Properties, Inc. v.Schnip Development Corp., 35 Conn. App. 46, 50, 643 A.2d 1302., cert. denied, 231 Conn. 913, 648 A.2d 293 (1994) (Striking the amended complaint for making essentially' the same factual allegations as the previously stricken complaint). Relying on this case, the defendants argue that the court should grant the renewed motion to strike the claim of intentional infliction of emotional distress because the amended complaint alleges no new facts to support the claim previously stricken.
In this amended complaint, the factual allegations, incorporated from count one to count two, remain identical as those contained in the previously stricken count two. The plaintiff has added conclusory "buzz" words to plead the requisite elements of a claim for intentional infliction of emotional distress in an attempt to cure the pleading defect in the previously stricken complaint. Because the motion to strike admits only well pleaded facts, but not legal conclusions, the court grants the motion to strike count two of the amended complaint. Faulknerv. United Technologies Corp., supra, 240 Conn. 588; PL Properties,Inc. v. Schnip Development Corp., supra. 35 Conn. App. 50.
The court grants the motion to strike on the substantive ground that the conduct complained of is not "extreme and outrageous" as a matter of law to satisfy a necessary element of a claim for intentional infliction of emotional distress. To support such a cause of action the plaintiff must allege: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Applelton v.Board of Education, 254 Conn. 205, 210, 757 A.2d 1059 (2000). The conduct complained of must be "exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted) DeLaurentis v. New Haven, 220 Conn. 225, 267, 597 A.2d 807
(1991).
Read in the light most favorable to the plaintiff, her allegations are CT Page 14848 that Meade intentionally damaged her car to "get even" for the damages done to the car owned by Meade's wife. Such conduct is certainly reprehensible, but it does not rise to the level of "extreme and outrageous" conduct subject to a claim for intentional infliction of emotional distress. It is not disputed that the plaintiff did not witness the alleged intentional damaging of her car by Meade. While there does not seem to be any Connecticut appellate authority that discusses whether intentional destruction of personal property, without more, can be the basis for a claim for intentional infliction of emotional distress, there are at least two Connecticut trial court decisions that have that have held similarly that intentional destruction of personal property, without more, is not "extreme and outrageous" conduct as a matter of law.
In Delco v. Reed, Superior Court, judicial district of Stamford-Norwich at Stamford, Docket No. 172435 (January 3. 1997, Hicky, J.) (26 Conn. L. Rptr. 213), the plaintiffs in that case alleged that the defendant, with knowledge of their ownership, hired workers to trespass on their property and cut down the fence and trees. The plaintiffs further alleged that the defendant authorized the removal of the trees even though she knew of their love and attachment to the trees. The Delco court held on those facts that the defendant's conduct was not "extreme and outrageous" as a matter of law. Id., 214.
Similarly, in Hixon v. Filers, Superior Court, judicial district of Hartford at Hartford, Docket No. 592937 (February 14, 2001, Fineberg, J.) (29 Conn. L. Rptr. 254), the plaintiffs alleged that the defendants unlawfully entered upon their land and cut down or destroyed a large number of shrubbery and plants. The plaintiffs further alleged that the defendants knew that the plaintiffs had invested time, energy and expense into creating the landscape. The Hixon court held that the conduct alleged "[was] not so extreme and outrageous to form the basis for a claim premised on intentional infliction of emotional distress." Id., 255-56, citing Appleton v. Board of Education, supra, 254 Conn. 210-11.
In the present case, as in Delco and Hixon the basis for the claim of intentional infliction of emotional distress is the alleged intentional destruction of personal property. Unlike, Delco and Hixon. in which the plaintiffs presumably witnessed the intentional cutting of trees and plants, the plaintiff here did not experience or witness first hand the alleged intentional damaging of her car. The alleged intentional damaging of the car, not witnessed or experienced first hand by the plaintiff, does not rise by itself, without more, to the level of "extreme and outrageous" conduct subject to a claim of intentional infliction of emotional distress. Appellate decisions in other jurisdictions have held that even witnessing of intentional destruction of one's personal property cannot be the basis for a claim for intentional infliction of CT Page 14849 emotional distress. See, e.g., Atherton v. 21 East 92nd Street Corp.,149 App.Div.2d 354, 356, 539 N.Y.S.2d 933 (NY App. Div., 1st Dept. 1989) ("[R]ecovery for emotional distress cannot be predicated upon the observation of damage to one's personal property."); see also Couri v.Westchester Country Club, Inc., 186 App.Div.2d 712, 715, 589 N.Y.S.2d 491
(N.Y.App.Div.2d Dept. 1992), appeal dismissed, in part, denied by, in part, 81 N.Y.2d 912, 613 N.E.2d 963 (1993). "Liability has been found" in cases "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." 1 Restatement (Second), Torts § 46, comment d (1965). The conduct complained of resembles none of the twenty-two illustrations provided under § 46 of 1 Restatement (Second), supra.
 CONCLUSION
Because the allegations are legally insufficient to show that the conduct complained of rises to the level of "extreme and outrageous" conduct contemplated by the case law and 1 Restatement (Second)., supra, § 46, the court grants the renewed motion to strike count two.
HOLDEN., J.