[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
On March 2, 2001, the plaintiff, Susan Coston, filed a five-count revised complaint against the defendant, Patricia Canton Reardon. Coston CT Page 14867-i alleges the following facts. Coston owned two dogs, Laura and Beethoven. On February 29, 2000, Coston went into her back yard and found Laura lying on the back steps of her house and bleeding profusely. Coston called to Beethoven several times, but Beethoven did not return. While Coston was driving around looking for Beethoven, she saw Reardon in her front yard. Coston turned into Reardon's driveway to inquire about Beethoven. When Coston approached Reardon she realized Reardon was aiming a rifle across the driveway at Beethoven. After Coston begged Reardon not to shoot Beethoven, Reardon lowered her rifle and allowed Coston to remove Beethoven from the premises. Laura did not survive her injuries and Coston subsequently discovered that Reardon was responsible for shooting and killing Laura.
Coston seeks damages in five counts: a violation of General Statutes § 22-351 (count one); conversion (count two); a violation of General Statutes § 52-564 (count three): intentional infliction of emotional distress (count four); and negligent infliction of emotional distress (count five).
On June 20, 2001, Reardon filed a motion to strike Coston's claimed damages as contained in counts one, two and three, on the ground that they are not recoverable under the theories advanced by Coston in these counts.[1] Additionally, Reardon moves to strike count three, in Its entirety, because Coston does not allege that a theft occurred. Reardon also moves to strike counts four and five In their entirety on the ground that these causes of action are improper in that they cannot result from an injury that occurred solely to one's property. Reardon filed a memorandum in support of the motion to strike and Coston filed a memorandum in opposition to the motion to strike.
 A. Claimed Damages
Reardon moves to strike the description of sustained damages as alleged by Coston in paragraphs fifteen and sixteen of counts one, two and three. As to count one, a violation of General Statutes § 22-351, Reardon argues that "[i]n cases involving property damage in Connecticut, damages are limited to recovery of the property damaged . . . [and] the plaintiff's damages (are) limited to the value of the dog." Reardon's Memorandum, p. 3. Reardon essentially makes the same argument for counts two and three, conversion and a violation of General Statutes § 52-564. respectively.
In addition to maintaining the validity of the description of damages expressed in each of these counts. Coston argues that Reardon's motion to CT Page 14867-j strike specific sections of counts one, two and three is improper because it seeks to strike specific paragraphs contained in the complaint. "Where, as in the instant argument, the defendant admits that the plaintiff has stated a claim upon which relief may be granted, but claims that particular facts pled within the count are extraneous to the cause of action, such a claim is properly addressed by a request to revise." Coston's Memorandum, p. 4. The court agrees with Coston.[2]
Reardon's motion to strike paragraphs fifteen and sixteen of counts one, two and three is procedurally improper. "Where individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs. A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated."Pete's Plumbing v. Meade, Superior Court, judicial district of Danbury, Docket No. 340790 (Apr. 12, 2001) (Adams, J.); Leisure Resort Technology,Inc. v. Trading Cove Associates, Superior Court, judicial district of Middlesex at Middletown, Docket No. 091180 (October 13, 2000) (Gordon, J.); Dowd v. D'Addeo, Superior Court, judicial district of Middlesex at Middletown, Docket No. 088165 (January 13, 2000, Arena, J.). In the present case, paragraphs fifteen and sixteen of counts one, two and three do not attempt to state separate causes of action. Accordingly, Reardon's motion to strike paragraphs fifteen and sixteen of counts one, two and three is denied.
 B. Statutory Theft
Reardon moves to strike count three of the complaint, arguing that Coston failed to allege that Reardon stole Coston's property. Reardon further argues that killing Is not the same as stealing. Coston contends that she has properly alleged conversion in count two and count three alleges that Reardon Intended to deprive Coston of her property.[3]
Coston argues, therefore, that she properly plead the additional element of intent over and above what she must demonstrate to prove conversion.
"Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights . . . In addition, conversion requires that the owner be harmed as a result of the unauthorized act." (Citations omitted; internal quotation marks omitted.) Suarez-Negrette v. Trotta, 47 Conn. App. 517,521, 705 A.2d 215 (1998). "One who intentionally destroys a chattel . . ., is subject to liability for conversion to another who is in possession of the chattel or entitled to its immediate possession."Luciani v. Stop Shop, Co., 15 Conn. App. 407, 411, CT Page 14867-k544 A.2d 1238 (1988).
In count two, Coston alleges that Reardon was not the rightful and proper owner of Coston's dogs nor was she bestowed with authority or control over the dogs. Coston further alleges that Reardon caused the destruction of her dog and conversion of her chattel and such conduct harmed Coston. Coston properly pleads conversion in count two.
General Statutes § 52-564 provides that "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." "[S]tatutory theft under [General Statutes] § 52-564 is synonymous with larceny [as provided in] General Statutes § 53a-119 Pursuant to § 53a-119, [a] person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or [withholds] such property from [the] owner." (Citations omitted; internal quotation marks omitted.) Hi-Ho Tower, Inc. v.Com-Tronics, Inc., 255 Conn. 20, 43, 761 A.2d 1268 (2000). "Conversion can be distinguished from statutory theft as established by § 53a-119
in two ways. First, statutory theft requires an intent to deprive another of his property; second, conversion requires the owner to be harmed by a defendant's conduct. Therefore, statutory theft requires a plaintiff to prove the additional element of intent over and above what he or she must demonstrate to prove conversion." Id., 521.
Although Coston Is not required to prove statutory theft at this stage, the complaint must contain allegations which support a cause of action for statutory theft. Count three Incorporates the allegations of conversion in count two and further alleges that Reardon intended to deprive Coston of her property by the destruction and/or injury of the dog. Therefore Coston has properly pled the additional element of intent, beyond that which she must plead for conversion. Therefore, Coston has properly alleged statutory theft. The court denies Reardon's motion to strike count three.
 C. Intentional and Negligent Infliction of Emotional Distress
Reardon argues that the court should strike counts four and five because a claim for bystander emotional distress resulting from an injury solely to property is not a cause of action recognized in Connecticut. Reardon argues that these counts are actually for bystander emotional distress because the distress Coston suffered was a result of the injury and subsequent death of Laura. CT Page 14867-l
Coston argues that counts four and five properly allege Intentional and negligent infliction of emotional distress. Coston argues that the defendant killed Laura and threatened to kill Beethoven. Coston argues that she was subjected to the line of fire and prevented from approaching Beethoven because she feared that Reardon would shoot her.
Coston, however, fails to allege any facts that demonstrate she feared for her own safety, that Reardon aimed the rifle towards her, or that she believed Reardon might shoot her. The facts alleged in the complaint refer only to Reardon's conduct with regard to Beethoven and Laura. Despite Coston's claims to the contrary, counts four and five are claims for bystander emotional distress because Reardon's conduct was directed towards the dogs rather than towards Coston.
In Jason v. Rotz, supra, Superior Court, Docket No. 351648, the court struck two counts of the complaint because the plaintiffs each alleged bystander emotional distress as a result of witnessing "the attack upon and demise of the family pet." Count four and five were stricken because "the bystander claims of the [plaintiffs] are beyond the reach or imaginable future reach of Clohessy v. Bachelor, 237 Conn. 31 (1996), for the closely related to the injury victim requirement thereof will not be deemed met by owner-dog relationships when only those of human relationships of parent and child and sibling to sibling are currently recognized." Id.
Similarly, in the present case, Coston cannot maintain causes of action for intentional and negligent infliction of emotional distress for the injury and death of her dog, Laura. The complaint does not allege that Reardon threatened Coston or that Coston feared for her own safety, therefore, any claims for emotional distress as a result of Reardon's conduct are considered bystander emotional distress. Coston's relationship with Laura does not satisfy the closely related to the injury victim requirement enunciated in Clohessy v. Bachelor, 237 Conn. 31,56, 675 A.2d 852 (1996).
Furthermore, as the court noted earlier, dogs are considered personal property in Connecticut[4] and "no Connecticut cases specifically allow recovery for negligent infliction of emotional distress resulting from an injury solely to property." Hixon v. Eilers, Superior Court, judicial district of Hartford, Docket No. 592937 (February 14, 2001) (Fineberg, J.) (29 Conn. L. Rptr. 254); Deleo v. Reed, Superior Court, judicial district of Stamford, Docket No. 172435 (January 3, 2000) (Hickey, J.) (26 Conn. L. Rptr. 213). Accordingly, the court grants Reardon's motion to CT Page 14867-m strike counts four and five of the complaint because these counts fail to allege facts which support a cause of action for emotional distress.
 Conclusion
The court denies Reardon's motion to strike paragraphs fifteen and sixteen of the counts one, two, and three because it is procedurally improper to move to strike individual paragraphs within a single cause of action. The court denies Reardon's motion to strike count three because Coston properly alleged statutory theft under General Statutes §52-564. The court grants Reardon's motion to strike the counts four and five because these counts seek recovery for bystander emotional distress.