[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' OBJECTIONS TO REQUESTS TO REVIVE AMENDED COMPLAINT (#150) CT Page 1749
Before the court are the plaintiffs' objections to the. defendant United Stone America, Inc.'s (United Stone) requests to revise the plaintiffs' amended complaint, dated May 17, 2001 (#115). The plaintiffs have objected to requests for revisions nos. 2, 3, 4, and 5.
Each of the requested revisions challenges the legal sufficiency of particular subparagraphs of the amended complaint. For example, request to revise No. 2 seeks the deletion of the allegation, in count five, paragraph 12(a), which states that United Stone "permitted Ribeiro to work more than eight hours on the date of the accident and more than forty hours prior to and during the week of the accident in violation of Conn. Gen. Stat. § 31-57. . . ." In the reason for the requested revision, United Stone's request (#138), at page 3, states that "[s]uch a claim is legally inadequate and should be deleted." Various legal authority is cited for this proposition. [n addition, United Stone states that it "makes this request pursuant to Connecticut Practice Book §10-35, which permits the deletion of any improper allegation in an adverse party's pleading." (See request to revise, p. 5.) Further, it states that the request is presented by request to revise since several Superior Courts have not permitted motions to strike individual paragraphs of a complaint. (See request to revise, p. 5.) In the alternative, United Stone requests that the alleged statutory claim be set forth in a separate count "so that the matter may be addressed by way of a Motion to Strike." (See request to revise, p. 5.)
The other requests (3, 4, and 5) likewise present challenges to the legal sufficiency of other parts of the same paragraph of the amended complaint. As to each, United Stone repeats that it presents the requests in this form due to holdings of the Superior Court concerning challenges to individual paragraphs and requests the alternative relief of separation of the allegations into individual counts.
Practice Book § 10-35 provides that a request to revise may request the deletion of "otherwise improper allegations."[1] This portion of the section, however, does not enable a pleader to mount a challenge for claimed legal insufficiency. Our Supreme Court, in Royce v. Westport,183 Conn. 177, 180, 439 A.2d 298 (1981), explained, "[t]he request to revise is a motion for an order directing the opposing party to revise his pleading in the manner specified. It incorporates, in Practice Book 147(2) [now § 10-35], the former motion to expunge. . . . Thus this subsection may be used to obtain the deletion of "otherwise improper allegations.' It is true that the former motion to expunge, now the request to revise, may not ordinarily be used to test substantial rights CT Page 1750 in lieu of a demurrer. . . . but we have held that [s]uch a motion is proper to attack an amended complaint after a demurrer has been sustained where the allegations of such complaint appear to be the same, in substance, as [those of] the one which was stricken." (Internal quotation marks, citations and footnotes omitted.) "The motion to strike, on the other hand, challenges the legal sufficiency of the pleading by testing whether the complaint states a cause of action on which relief can be granted." P L Properties v. Schnip Development Corp., 35 Conn. App. 46,50, 643 A.2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155 (1994).
Thus, a request to revise is not an appropriate vehicle for the legal challenges made here. However, the plaintiffs have not objected to the alternative relief sought, that of setting forth the allegations in separate counts. Accordingly, the plaintiffs are directed to comply with those aspects of the requests, as well as those to which they agreed.
It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT